133 N.W.2d 466 (1965)
178 Neb. 348
AMERICAN PROVINCE OF the SERVANTS OF MARY REAL ESTATE CORPORATION, Appellant,
v.
METROPOLITAN UTILITIES DISTRICT, Appellee.
No. 35825.
Supreme Court of Nebraska.
February 26, 1965.
*467 Haney, Walsh & Wall, Omaha, for appellant.
George C. Pardee, Gus Seig, H. H. Foulks, Jr., Cecil S. Brubaker, Omaha, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.
McCOWN, Justice.
This is an action for property damage arising out of an explosion and fire in March 1960 allegedly caused by the negligence of the defendant.
The district court sustained the defendant's motion for summary judgment based on the affirmative pleading of collateral estoppel and res judicata. The plaintiff has appealed.
The fundamental question is whether the doctrine of res judicata applies to estop the plaintiff in this action from now litigating the issue of defendant's negligence where that issue was determined in a prior action against the same defendant, brought by an employee of the plaintiff for personal injuries arising out of the same explosion and fire. In the prior action, the present plaintiff was joined as a defendant for the purpose of protecting its rights of subrogation and reimbursement for amounts paid its employee under the Workmen's Compensation Act as required by section 48-118, R.R.S.1943.
For purposes of clarity, Benjamin Allen Reed will be referred to hereafter as Reed; American Province of The Servants of Mary Real Estate Corporation as Province; Metropolitan Utilities District as Utilities District; and New Amsterdam Casualty Company as New Amsterdam.
*468 In the prior case, on May 27, 1960, Reed filed his petition against Utilities District to recover for personal injuries received by him in the explosion referred to, joining as a defendant, his employer, Province, as required by section 48-118, R.R.S.1943. This section required such joinder for the purpose of reimbursement under the right of subrogation for any compensation paid. An attorney representing New Amsterdam, the workmen's compensation insurance carrier of Province, entered a voluntary appearance for Province in this action and filed an answer admitting that Province was the employer of Reed at the time of the explosion; that Reed, while acting in the course of his employment, sustained injuries as a consequence of an explosion and fire; that Province had expended money in the payment of medical bills, hospital bills, and other payments as required by the Nebraska Workmen's Compensation Law; and that under said law, it was entitled to be reimbursed for all payments made on behalf of Reed. This answer admitted that Reed sustained injuries, but alleged that the answering defendant did not have sufficient information to admit or deny the allegation of Reed's petition as to the extent and nature of the injuries received. The prayer was that Province, the answering defendant, be subrogated to the rights of Reed in any judgment received against the defendant, Utilities District, and that the court determine the amounts due or to become due in order that said amount be paid by Reed from any recovery derived in the action against Utilities District. The answer raised no other issues. The record does not show that Province or New Amsterdam took any part in the trial except the filing of the voluntary appearance and answer as set out.
In the present case, the petition was filed February 23, 1962, by Province against Utilities District to recover for damage to property owned by Province occasioned by the same explosion. Utilities District filed an amendment to its answer specifically pleading the prior Reed case and that the same items of alleged negligence were involved in the prior case as are alleged in the present case, and that said issues of negligence were resolved in favor of Utilities District in the Reed case; that by reason of the foregoing, Province is collaterally estopped from raising in this case any issues of negligence alleged in its petition herein; and that the cause of action is therefore res judicata.
Utilities District takes the position that since Province was a party of record as a defendant in the prior case, it is a party for all purposes and is therefore collaterally estopped from relitigating issues of negligence determined in the prior Reed case and is bound under the doctrine of res judicata.
The doctrine of res judicata ordinarily is placed on two grounds: One, public policy and necessity which makes it to the interest of the state that there should be an end to litigations; and the other, the hardship on an individual that he should be vexed twice for the same cause. The law of res judicata is frequently treated as a branch of the law of estoppel and both terms have been used indiscriminately to indicate the force and effect of judgments and decrees. 50 C.J.S. Judgments § 593, p. 13.
It has sometimes been stated that a party who has had his "day in court" should not be permitted to relitigate issues. Austin W. Scott, one of the reporters for the American Law Institute Committee which drafted the Restatement of Judgments, has stated the basic foundation of the doctrine as applied to collateral estoppel as being "a party who has once fought out a question in litigation with the other party is precluded from fighting it out again." 56 Harvard Law Review, p. 3. The same article, at page 29, concludes: "It will be seen that the effect of a judgment upon a subsequent controversy between the parties is much more limited where the controversy is based upon a different cause of action than where it is based upon the *469 original cause of action. In many cases it is broadly stated that a judgment is conclusive not only as to matters actually litigated but as to all matters which might have been litigated. This is true only where the later controversy is based upon the original cause of action. The doctrine of collateral estoppel, which applies where the cause of action is different, has a much more limited application. In its limited application it is based upon a sound public policy. Care must be exercised in its application to see that it works no injustice."
The Utilities District takes the position that since Province was a named party in both cases, the principles of the doctrine of collateral estoppel and res judicata apply. However, the determination of whether one is a "party" for purposes of application of the doctrine of res judicata is not a question of mere form, but of substance. "* * * parties nominally the same may be, in legal effect, different; and parties nominally different may be, in legal effect, the same. * * * In order that parties for or againstwhom the doctrine of res judicata is sought to be applied may be regarded as the same in both actions, the general rule is that they must be parties to both actions in the same capacity or quality. Under this rule, a party acting in one right can be neither benefited nor injured by a judgment for or against him when acting in some other right." 30A Am.Jur., Judgments, ss. 397, 298, pp. 447, 448.
"In order to constitute a judgment an estoppel there must be a substantial identity of parties as well as of the subject matter, that is, it is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation, or else they must be in privity with the parties in such former action." 50 C.J.S. Judgments § 763, p. 289. See, also, 50 C.J.S. Judgments § 775, p. 303.
Restatement, Judgments, section 79, page 353, states: "A person who at the time of the rendition of a valid judgment is a party to the action is bound by and entitled to the benefits of the rules of res judicata, except as stated in ss. 80-82." The comment appearing under this section states: "a. The general rule stated in this Section does not apply to a person who is a party only in a representative capacity (s. 80), or to one who is merely a formal party (s. 81); nor does the rule apply between parties who are not adversaries in the action (s. 82)."
Subsection (2) of section 80, page 360, of Restatement, Judgments, states: "Where a judgment is rendered for or against a person who is a party to the action solely in a representative capacity or who is otherwise acting solely for the benefit of another, of which fact the other party to the action has notice, the rules of res judicata do not apply in a subsequent action in which he is a party and is acting solely on his own account, except where he takes a position in the subsequent action inconsistent with that which he took in the first action." In the comment it is stated: "The rules of res judicata are intended to give a person his day in court upon issues which are important to him in order that he may have an opportunity to present everything which is proper to be said from his point of view." Restatement, Judgments, s. 80, p. 362.
The subsection quoted above prevents a conflict of interest "by excluding from the operation of the rules of res judicata the interests of all persons whose interests are not in fact represented or considered in an action." Restatement, Judgments, s. 80, p. 364.
"The results reached in that Section (section 80) are based upon the principle that a judgment does not affect those whose real interests are not involved." Restatement, Judgments, s. 85, p. 403.
In the prior case, the action was brought by Reed against Utilities District, and Province was joined as a defendant because such joinder was required under the *470 provisions of section 48-118, R.R.S.1943, to protect a right to reimbursement under the subrogation created by the statute. New Amsterdam, its workmen's compensation carrier, answered in the name of Province and pleaded its subrogation and reimbursement rights. We do not agree with Utilities District that such pleading went beyond such subrogation and reimbursement rights and constituted an affirmative adoption of Reed's allegations of negligence against Utilities District. Even if it did so, the appearance of Province in the Reed case was solely for the benefit of New Amsterdam, its workmen's compensation carrier, who would be affected by the rules of res judicata.
Section 48-146, R.R.S.1943, of the Workmen's Compensation Act, provides in part that: "No policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to the same all benefits conferred by this act, and all installments of the compensation that may be awarded or agreed upon, * * *. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name. Every policy * * shall be deemed to be made subject to the provisions of this act. * * * All policies insuring the payment of compensation under this act must contain a clause to the effect (1) that as between the employer and the insurer the notice to or knowledge of the occurrence of the injury on the part of the insured shall be deemed notice or knowledge, as the case may be, on the part of the insurer, (2) that jurisdiction of the insured for the purpose of this act shall be jurisdiction of the insurer, and (3) that the insurer shall in all things be bound by the awards, judgments, or decrees rendered against such insured."
In at least four other portions of the act in effect in 1960, definitions or references are alternative as to the employer, or the insurance company carrying the risk. Section 48-118, R.R.S.1943, in 1960, however, required the joinder of the "employer" for purposes of subrogation and reimbursement of compensation paid. Under such circumstances, under the Workmen's Compensation Act, Province appeared in the Reed case solely for the benefit of New Amsterdam, its compensation insurance carrier. Under all these circumstances, Utilities District is deemed to have knowledge that Province is not appearing as a party on its own account.
The general rule is set out in A.L.R. as follows: "Stated in its broadest outlines, the general rule is that a judgment is conclusive for or against a party only in the capacity in which he litigated the matter. The basic principle requiring identity of parties as a condition of the application of the doctrine of res judicata includes a requirement of identity of capacities. * * * According to this rule, generally accepted by the courts, the fact that a person was a party to an action in a fiduciary or representative capacity and litigated to judgment questions relating to his rights, duties, or liabilities in that capacity, does not render the judgment conclusive in a subsequent proceeding with respect to his personal or individual rights connected with the same subject matter, and does not preclude him from asserting a personal or individual right or claim, unless such right or claim was actually adjudicated or necessarily involved under the issues in the former action, or the elements of estoppel are present." Annotation, 170 A.L.R. 1181, and the cases there cited.
Utilities District has cited the case of Rehn v. Bingaman, 152 Neb. 171, 40 N.W.2d 673, to support its position that Province, even though it did not actually participate in the trial of the Reed case, had the authority and opportunity to do so, and therefore, should be collaterally bound by the issues as determined. The holding in the Rehn case was entirely correct as applied in that case, but it merely held: "One who is made a party defendant for the sole purpose of protecting a statutory right of subrogation is ordinarily not liable for costs *471 other than his own; but where, as here, he adopts the position of the plaintiff and for all practicable purposes is a plaintiff, his liability for costs is the same as the plaintiff." That rule would also apply to res judicata. We do not pass upon the question of Province's or New Amsterdam's right to participate in the Reed case, but do call attention to the fact that there have been additional provisions added to section 48-118, R.R.S.1943, subsequent to the Rehn case and to this case, which have some bearing upon rights of participation arising subsequent to the amendments, as well as to identification as parties of the employer or his compensation carrier.
In an action by an employee against a third party for personal injuries, where an employer is joined as a defendant as required by section 48-118, R.R.S.1943, for purposes of reimbursement of compensation paid to the employee, and where the workmen's compensation insurance carrier of the employer is beneficially entitled to such reimbursement, for the purposes of the doctrine of collateral estoppel, the employer appears in a different capacity than as plaintiff in employer's separate cause of action for property damage against the same defendant arising out of the same occurrence.
Under the facts of the particular case where an employee sues a third person for personal injuries, and the employer is joined as a defendant, as required under the provisions of section 48-118, R.R.S.1943, the third person may be deemed to have knowledge that the employer's appearance is for the sole benefit of the workmen's compensation insurance carrier of the employer.
There is also an issue raised involving the question of the real party in interest in this case. Paragraph V of the answer of Utilities District alleges that any damage sustained by Province had been fully paid to it by its insurance company or companies; that said company or companies were in control of this litigation; and that Province is not the real party in interest entitled to the avails of the suit and has no interest therein beyond the amounts that said insurance company or companies have paid. Province moved for partial summary judgment on these allegations. Affidavits and copies of the loan receipts were filed. An order was entered overruling the motion and a later motion for reconsideration. The grounds for overruling the motion are not shown in the record. Province contends that this ruling was based on the ground that Province was not the real party in interest. The affidavit of Utilities District raised some possible questions of fact as to whether additional documents may have been delivered and also allegations that discovery procedures might be required to obtain the facts. In view of the provisions of section 25-1335, R.R.S. 1943, and the present state of the record, it is not clearly shown on what grounds the motion for partial summary judgment was overruled. This court adheres to the rule that a loan receipt is not such a payment of insurance as to make the insurer the real party in interest. Bozell & Jacobs, Inc. v. Blackstone Terminal Garage, Inc., 162 Neb. 47, 75 N.W.2d 366; Shiman Brothers & Co., Inc. v. Nebraska National Hotel Co., 143 Neb. 404, 9 N.W.2d 807. See, also, Williams v. Union Pacific R. R. Co., D.C., 94 F.Supp. 174. On the state of the record, however, we find no error in the court's denial of plaintiff's motion for partial summary judgment under the circumstances shown in the record.
We conclude that in this case Province has not had its day in court nor fought out a question in litigation and that it did not appear in the two actions in the same quality, character, or capacity. The action of the trial court in sustaining Utilities District's motion for summary judgment was in error and the judgment is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.
Reversed and remanded.