WILMA VINCENT, SPECIAL ADMINISTRATRIX OF THE ESTATE OF WILLIAM J. VINCENT, DECEASED, APPELLANT, V. PETER PAN BAKERS, INC., A CORPORATION, APPELLEE, AND CONTINENTAL BAKING COMPANY, A CORPORATION, APPELLEE.

153 N. W. 2d 849

Filed November 3, 1967. No. 36543.

Viren, Emmert & Epstein and Boland, Mullin, Walsh & Cooney, for appellant.

Cassem, Tierney, Adams & Henatsch and Charles F. Gotch, for appellee Peter Pan Bakers, Inc.

Stoehr, Rickerson & Caporale, for appellee Continental Baking Co.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A collision between two trucks killed both drivers instantly. In this negligence action—driver A's representative v. employer B—plaintiff's petition was dismissed on the ground of issue preclusion or collateral estoppel. A prior determination in another action—driver B's representative v. employer A—was ruled conclusive of common issues concerning driver negligence. Plaintiff has appealed.

In the former action a jury had returned a verdict for driver B's representative, and judgment on the verdict was affirmed as to liability. Lorenzen v. Continental Baking Co., 180 Neb. 23, 141 N. W. 2d 163.

The doctrine of issue preclusion recognizes that limits on litigation are desirable, but a person should not be denied a day in court unfairly. American Province Real Estate Corp. v. Metropolitan Utilities Dist., 178 Neb. 348, 133 N. W. 2d 466. The employer of plaintiff's decedent having fully litigated the common issues of negligence, the problem is reduced to the effect of the employment relationship.

"Initially, one might say that a non-party to Suit I should not be bound by the decision in that suit * * *. In fact, the concept of preclusion is spelled out in terms of the individual who has had the incentive and the opportunity to litigate fully the matter involved. * * *

"In the past, such preclusion has extended beyond those persons actually involved in Suit I. A stranger to the first suit has been precluded, as opposed to the winning party in Suit I, through the use of various rationales. * * *

"The courts have talked in terms of a close relationship, privity, between a participant in the first suit and the person to be precluded in the second. Involved seems to be the idea that the precluded party's interests were represented in the first suit, or that the precluded party should have no greater interest than did the participant in the first suit. * * * One party having had his day in court and having lost, the related party—the one in privity—is precluded. This is justified in terms of the relationship of the parties. * * *

"Apart from judgments which have effect qua facts, it is clear that judgments can have conclusive effect against persons who were not parties to the original action. In attempting to decide how far the concept of preclusion should apply, it is well to consider the underlying rationale of judicial preclusion and preclusion generally. In all cases in which a person finds himself subject to preclusion generally, either (1) he has had the opportunity to litigate the matter or (2) his interests

have been adequately represented in the litigation of the matter. * * *

"It would seem to be entirely reasonable to allow preclusion against non-parties to Suit I so long as they are adequately represented and protected in that suit. At this point there would seem to be a weighing process involved. Considered should be the saving of the time of the court, the adequacy of protection extended, and other relevant variable factors. * * *

"This idea of using a judgment against a person not a party to the first suit is not as well developed as is the use of a judgment by a non-party against a party to the first suit. * * * Since the whole area is in a state of flux, it is difficult to chart the development of the future, * * *." 50 Iowa L. Rev. 27, Preclusion/Res Judicata Variables: Parties, pp. 59-60, 74-75.

Preclusion against plaintiff under the circumstances would unfairly deny her an opportunity to assert her rights. See Makariw v. Rinard, 336 F. 2d 333. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

CARTER, J., concurring in the result.

The history of this litigation shows the following facts: On June 21, 1963, a truck belonging to Peter Pan Bakers, Inc., and driven by John C. Lorenzen was in an accident with a truck belonging to Continental Baking Company, being driven by William J. Vincent. The drivers of the trucks were both killed. Each driver was alone in his vehicle. There were no eyewitnesses to the accident.

On September 6, 1963, Betty L. Lorenzen, administratrix of the estate of John C. Lorenzen, deceased, brought an action in the district court for Douglas County against Continental Baking Company and impleaded Peter Pan Bakers, Inc., because of its right of subrogation for workmen's compensation paid for the death of its employee Lorenzen. On September 20, 1963, Wilma Vincent, special administratrix of the estate of William J. Vincent, deceased, brought an action in the district court for

Douglas County against Peter Pan Bakers, Inc. Continental Baking Company was joined as a defendant to have its right of subrogation determined. It is apparent that both actions were pending in the district court at the same time. The Lorenzen case was first tried. No party to either action made any attempt to join the other by stipulation or court order in order to get all parties into court to determine all issues between the parties in a single action. Admittedly a failure to seek a joinder or consolidation of the two cases does not redound to the prejudice of either.

Traditional res judicata could not be properly asserted by the defendant in the second action for the reason that neither the plaintiff nor anyone in privity with her was a party to the first action. It is a fundamental rule that traditional res judicata is not available against one not a party in person or by privity, even if the issues be the same. An employer and employee in actions such as we have before us are not in privity with each other. Each cause of action is the plaintiff's cause.

It is a general rule that every person is entitled to his day in court. The general notion exists that this is an infallible rule without exception. But this is not so. Situations may arise where issue preclusion or collateral estoppel may be applied. It is true that issue preclusion or collateral estoppel are extensions of the rules applicable to res judicata. But such rules are of equal force with the rule that every person is entitled to his day in court. When one applies, the other does not.

If the rule applies in all cases that one not a party to litigation, either in person or by one in privity, as the majority opinion holds, a very anomalous situation could result. In the instant case, the result could well be calamitous from the standpoint of reason, law, and justice. In the first case, the jury found that Vincent was negligent and Lorenzen was not, and this court affirmed this finding on appeal. In the second case, the jury could find that Lorenzen was negligent and Vincent was not,

and result in verdicts and judgments for each against the other's employer on the identical evidence. That an injustice would have been done to one of the employers is self-evident. The law cannot tolerate such a result.

The basic reasoning behind the rule that one not a party to a suit may relitigate the issues is that he has had no opportunity to control his lawsuit and he should be permitted to retry the issues. With this I agree, if, and only if, he has suffered harm in not being able to furnish his own evidence in support of his cause of action. I submit, however, that if there are no new or different issues or evidence, the final judgment in the first litigation should be subject to the defenses of collateral estoppel or issue preclusion. In such a case, a party should not be permitted to relitigate the matter. Under such circumstances, a plaintiff is no more entitled to relitigate the case than is a member of a class in a class suit who was not a party to such suit. If, on the other hand, the issues or evidence are not the same, then the case should proceed to trial under the evidence that is not the same as in the first case. Where the evidence in the second case is substantially different than in the first, judgments obtained are not on the same evidence and may well warrant different verdicts.

Having come to these conclusions, it is my view that the judgment should be reversed on the ground that the motion to dismiss on the theory of collateral estoppel or issue preclusion was prematurely made. A determination of the applicability of collateral estoppel or issue preclusion cannot be made until plaintiff's evidence in the second case has been put in evidence. If at that time it is determined that the issues and evidence are the same as in the first case, the defense of issue preclusion or collateral estoppel is available and the motion should be sustained. If the issues or evidence are substantially different than in the first trial, then the motion should be overruled.

This case appears to be one of first impression in this

state. But the court should not by-pass the problem and adhere to an existing rule that has the potential to do an injustice. It is the duty of this court, that it should not shirk, to provide a procedure that will properly dispose of the litigation without doing an injustice to anyone. I submit that there is nothing presently before the court from which it can be determined that issue preclusion or collateral estoppel is not available or that it would unfairly deny plaintiff the right to relitigate the issues finally determined in Lorenzen v. Continental Baking Co., 180 Neb. 23, 141 N. W. 2d 163.