Maytrude JONES, Administratrix of Estate of Alexander L. Jones, Dec., Maytrude Jones, Appellant,

v.

**ROGERS MEMORIAL HOSPITAL.**

No. 24373.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 15, 1971.

Decided Feb. 4, 1971.

**774**

Mr. Clement Theodore Cooper, Washington, D. C., for appellant.

Mr. Lawrence E. Carr, Jr., Washington, D. C., for appellee. Mr. Richard W. Boone, Washington, D. C., also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

This case involves the issue of the statute of limitations applicable to an action for the alleged negligent performance of a surgical operation. Plaintiff's action, filed on December 8, 1969, was brought under the District of Columbia survival of actions statute, D. C.Code § 12–101 (1967).[1] The complaint alleged that in October, 1966, plaintiff's late husband was admitted to defendant's hospital for surgery for gallbladder and appendix trouble, and that as a result of the negligence of defendant and its agents, decedent "was caused to suffer from rupture of an internal organ within the abdominal cavity, to wit, the diverticula of the colon which subsequently caused gas gangrene from which plaintiff's decedent met his death on April 21, 1967."

Defendant moved to dismiss "because the complaint fails to state a claim against defendant upon which relief may be granted, in that the alleged right of action is barred by the applicable statute of limitations, D.C.Code Title 12, Section 301." The District Court dismissed the complaint on the ground that the action was barred by the general 3-year statute of limitations, D.C.Code § 12–301(8) (1967), because the cause of action accrued in October, 1966, when the injury occurred.

We reverse the order dismissing the complaint and adopt the "discovery" rule set forth by the late Judge Holtzoff in Burke v. Washington Hospital Center, 293 F.Supp. 1328 (D.D.C. 1968), a case where a foreign object was left in the patient under surgery. Under the discovery rule the statute of limitations does not begin to run in malpractice cases until the injured party knew, or through the exercise of reasonable diligence should have known, of the

---

1. Unlike the wrongful death statute, D.C. Code § 16–2701 (1967), the survival statute creates no new right of action. It permits survival of a right of action that accrued to the deceased. *See* Thomas v.

Doyle, 88 U.S.App.D.C. 95, 187 F.2d 207 (1950). The statute of limitations commences running when the right of action first accrues to the deceased.

facts giving rise to his claim. *Burke* is consistent with, and carries forward, the principle we articulated in P. H. Sheehy Co. v. Eastern Importing & Mfg. Co., 44 App.D.C. 107, 111–112 (1915), a breach of warranty case where the discovery was prevented by concealment or fraud. There is no inconsistency with Hanna v. Fletcher, 97 U.S.App.D.C. 310, 231 F.2d 469, cert. denied, Gichner Iron Works, Inc. v. Hanna, 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501 (1956), when the doctrine of that case is properly analyzed.

In *Hanna* we held that plaintiff was entitled to bring his action within three years from the date of injury, even though defendant's act of negligence occurred long prior to that time. Ordinarily, as in *Hanna*, the fact of injury is enough to alert a reasonably diligent plaintiff to the basis of his claim, and there was no contention to the contrary by plaintiff in that case. As *Burke* points out, however, the fact that a patient is injured by those providing him with medical care does not necessarily alert him to the existence of a claim. The fact that he feels pain is not decisive since this is to be expected. He relies on those providing medical care, and it is only when he is acquainted with the problem that in fact exists, by them or by untoward developments that alert any diligent patient, that his cause of action accrues. Doctors and hospitals are entitled to repose but this is qualified by the consideration of elementary fairness crystallized in the discovery rule.

The statute of limitations is an affirmative defense, Fed.R.Civ.P. 8(c), and need not be negatived by the language of the complaint. The defense may be raised by a motion to dismiss under Rule 12(b) (6). Taylor v. Houston, 93 U.S.App.D.C. 391, 211 F.2d 427 (1954). But the complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no state of

facts in support of his claim that would entitle him to relief. Hudson v. Hardy, 134 U.S.App.D.C. 44, 46, 412 F.2d 1091, 1093 (1968), citing Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957). In view of the discovery rule, and plaintiff's allegation that the injury was not discovered until the deceased took sick the week before his death, the motion to dismiss should not have been granted.[2]

Reversed and remanded.

2. The issue of when plaintiff's decedent discovered the injury, or through the exercise of reasonable diligence should have known of the facts giving rise to the claim, is properly one for the trier of fact, save for the exceptional case when it can be established that there is no material issue of fact.