Patricia HERNANDEZ et al., Plaintiffs,

v.

Edward G. KOCH, M.D., Defendant.

Civ. A. No. 77–1494.

United States District Court,
District of Columbia,
Civil Division.

Jan. 5, 1978.

Robert J. Stanford, Gale S. Molovinsky, Washington, D.C., for plaintiffs.

John J. McLaughlin, Scott L. Gorland, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This action is before the Court upon plaintiffs' motion to reconsider our order of November 28, 1977 granting defendant's unopposed motion for substitution as defendant for previous defendant Edward M. Koch. As a consequence of that order, the motion of defendant to dismiss the action for lack of subject matter jurisdiction attracted the attention of this Court: plaintiffs had not exhausted their administrative remedies before instituting this judicial action, as is required by the Federal Tort Claims Act. 28 U.S.C. § 2675(a). Recognizing that this Court's disposition of the motion to substitute would be dispositive in this action and having been informed that plaintiffs desired to brief the question of the propriety of substitution, we directed the parties to address the matter through this motion for reconsideration of the November 23 order.

Plaintiffs allege that Patricia Hernandez, in September 1975, was negligently treated by Dr. Koch at a medical facility operated by the United States Government. Specifically, Ms. Hernandez asserts that Dr. Koch failed to diagnose properly and prescribe treatment for a lump in her left breast; in April 1977 Ms. Hernandez underwent a modified radical mastectomy which she asserts would have been unnecessary had Dr. Koch properly diagnosed her condition in September 1975.

At issue is a recently enacted statutory provision, 10 U.S.C. § 1089(a), which proscribes terms for defense of certain suits arising out of medical malpractice and states in relevant part:

> "The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury, including death, caused by the negligent or wrongful act or omission of any physician . . . of the Armed Forces . . . in the performance of medical, dental, or related health care functions (including clinical studies and investigations) while acting within the scope of his duties or employment therein or therefor shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician . . . whose act or omission gave rise to such action or proceeding."

The provision became effective October 8, 1976 and applies "only to those claims accruing on or after such date of enactment." Plaintiffs argue that the action accrued at the time of the misdiagnosis in September

1975 and that this new section does not preclude an action against Dr. Koch individually; defendant in opposition argues that the action did not accrue until the alleged malpractice became known to plaintiffs in April 1977 and that the private action is therefore inappropriate.

■ It is the opinion of this Court that defendant's construction is the proper one. We reach this determination in reliance upon basic concepts regarding accrual of malpractice actions, in consideration of equitable factors, and based upon our perception of legislative intent.

■ In order to protect potential plaintiffs against the lapsing of a cause of action during a time period when an injury remained undetected, a medical malpractice action is not deemed to accrue for purposes of the statute of limitations until the injury is, or reasonably should be, discovered. *See Jones v. Rogers Memorial Hospital*, 143 U.S. App.D.C. 51, 52–53, 442 F.2d 773, 774–75 (1971). Although recognizing plaintiffs' argument that accrual for purposes of the statute of limitations need not necessarily control accrual for purposes of this statute, we see no reason to bifurcate the concept of action accrual to enable plaintiffs to pursue two actions in search of a recovery for an alleged malpractice. *See Young v. Clinchfield Railroad Co.*, 288 F.2d 499, 502 (4th Cir. 1961) (occurrence of wrongful act insignificant to accrual of malpractice action where injuries not immediately detectable). Notably, the elimination of a cause of action against the individual medical practitioner does not deprive plaintiffs of an effective and satisfactory avenue of relief in this action: the federal government is defending this action pursuant to the Federal Tort Claims Act, and plaintiffs could not achieve recovery against both the Government and the private individual.

■ In addition, it is our conclusion that it was the intent of Congress to fully protect medical personnel from any potential personal financial liability that might arise from performance of official medical duties. *See* S.Rep.No. 94–1264, 94th Cong., 2d Sess. 2 (1976), U.S.Code Cong. & Admin.News 1976, p. 4443. This Court cannot endorse plaintiffs' contention that Congress only intended to insulate medical personnel against liability for activity occurring after August 8, 1976: potential malpractice defendants would be forced to secure malpractice insurance against subsequently discovered injuries *ad infinitum*, only to preserve for an injured plaintiff the choice between two effective methods of securing relief. Plaintiffs' interpretation of the statute's scope would make a serious and unnecessary inroad on the protection afforded by the statute.

For these reasons, it is by this Court this 5th day of January, 1978,

ORDERED, that the motion of plaintiffs for reconsideration of the order of this Court substituting the United States of America as defendant be, and the same hereby is, denied; and it is further

ORDERED, that the motion of defendant United States of America to dismiss this action for lack of subject matter jurisdiction be, and the same hereby is, granted. 28 U.S.C. § 2675(a); *see Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294–95 (10th Cir. 1977).

This action is dismissed.