Delmer Lee HEMBREE, as Administrator of the Estate of Dennis L. Hembree, Deceased, Plaintiff,

v.

Presley M. TINNIN, et al., Defendants.

Civ. A. No. 91–1178–MLB.

United States District Court, D. Kansas.

Nov. 23, 1992.

Milo M. Unruh, Jr., Arn, Mullins, Unruh, Kuhn & Wilson, Wichita, Kan., for plaintiff.

H.W. Fanning, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of defendants for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and for summary judgment. Fed.R.Civ.P. 56(c).

Plaintiff has filed this diversity action for damages arising from a truck/motorcycle accident in Wichita County, Kansas. Dennis L. Hembree, who died from the injuries he sustained in that accident, was survived

by his wife and child. Plaintiff herein is the father of the decedent and was appointed as administrator of the estate by the County Court of Baylor County, Texas.

Plaintiff brings this action pursuant to the Kansas wrongful death statute, K.S.A. § 60–1901 *et seq.*, and the Kansas survival action statute, K.S.A. § 60–1801. Defendants seek dismissal of the action on the ground that plaintiff is not authorized to bring this action under Kansas law.

■■■ The Kansas wrongful death statute allows "[t]he action [to] be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death." K.S.A. § 60–1902. Under Kansas law, a surviving widow of the decedent is the heir at law, and the parents of the decedent may not commence a wrongful death action. *Johnson v. McArthur,* 226 Kan. 128, 596 P.2d 148 (1979). Thus, defendants correctly note that plaintiff may not maintain the wrongful death action either in his capacity as administrator of the estate or as the decedent's father.

■ For purposes of a survival action, however, case law has established that the decedent's action survives to the decedent's "personal representative—not to his heirs." *Howe v. Mohl,* 168 Kan. 445, 450, 214 P.2d 298 (1950). *See also Cory v. Troth,* 170 Kan. 50, 223 P.2d 1008, syl. ¶ 1 (1950); *Flowers v. Marshall,* 208 Kan. 900, 905, 494 P.2d 1184 (1972) (survival statute "keeps alive in the name of the personal representative the decedent's own cause of action"); *Shinkle v. Union City Body Co.,* 94 F.R.D. 631, 637 (D.Kan.1983). Plaintiff is therefore the proper party to bring the survival action, and the motion must be denied as to this claim.

The court must also deny defendants' requested relief as to the wrongful death action. Although stylized as a motion for judgment on the pleadings and for summary judgment, defendants' motion is, in fact, a real party in interest challenge.

■■ Federal Rule of Civil Procedure 17(a) requires that every action "be prosecuted in the name of the real party in interest." In this diversity action, the law of the forum governs any issues relating to the creation of the right being sued upon, whereas Rule 17(a) defines who may enforce the right in federal court. *See K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1153 (10th Cir.1985) (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1544, at 647–48 (1971)); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). Rule 17(a) further provides:

> *No action shall be dismissed* on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(emphasis added). Thus, if a defendant raises a meritorious real party in interest defense, the rule requires that the court allow a reasonable time for joinder or substitution of the real party in interest. *See also Garcia v. Hall,* 624 F.2d 150, 151 & n. 3 (10th Cir.1980); *Audio–Visual Marketing Corp. v. Omni,* 545 F.2d 715, 719 (10th Cir.1976). Plaintiff asks leave of the court to join Stacy Hembree as an additional party plaintiff, both in her individual capacity and as guardian for the minor child, Bradley Hembree. Plaintiff shall have 30 days from the date of this order to add the decedent's widow for the purpose of prosecuting the wrongful death action.

■ Defendants also challenge the appointment of plaintiff as administrator of the estate. According to defendants, the Probate Court in Baylor County, Texas did not have venue over the estate of Dennis L. Hembree. Thus, defendants argue, the letters of administration issued by that court are void, and plaintiff is not the proper person to bring this action.

Pursuant to 28 U.S.C. § 1738, this court must give the same full faith and credit to the letters of administration as would be given by a Texas state court. Texas law provides:

Any court in which there has been filed an application for proceedings in probate shall have full jurisdiction to determine the venue of such proceeding, and of any proceeding relating thereto, *and its determination shall not be subject to collateral attack.*

Tex.Prob.Code Ann. § 8(e) (West 1980) (emphasis added). *See also Atchison, Topeka & Santa Fe Ry. Co. v. Preston,* 257 F.2d 933, 935 (10th Cir.1958); *Merrell v. United States,* 140 F.2d 602, 606 (10th Cir.1944). The statute makes clear that no Texas court could collaterally review whether the Baylor County Court correctly determined its venue over the estate. Thus, neither may this court conduct such a review.

Accordingly, the court denies defendants' motion (Doc. 41) for judgment on the pleadings and for summary judgment. Plaintiff shall have leave to amend the complaint within 30 days of the filing of this order to join Stacy Hembree as an additional party plaintiff.

IT IS SO ORDERED.