Cindy **JARAMILLO;** Plaintiff.

**Bienvenida Jaramillo, as legal guardian and next friend of Cindy Jaramillo, minor, Plaintiff-Appellant,**

v.

**Joseph G. BURKHART; Olson Brothers, Inc., Defendants–Appellees.**

**Ruby JARAMILLO, minor; Plaintiff.**

**Bienvenida Jaramillo, legal guardian and next friend of Ruby Jaramillo, minor, Plaintiff–Appellant,**

v.

**Joseph G. BURKHART; Olsen Brothers, Inc., Defendants-Appellees.**

No. 92–2638.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1993.

Decided July 26, 1993.

---

John B. Ashford, Omaha, NE, for plaintiff-appellant.

Robert G. Rossiter, Jr., Omaha, NE, argued (Mark C. Laughlin, on brief), for defendants-appellees.

Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Bienvenida Jaramillo, as guardian of her minor granddaughters Cindy and Ruby Jaramillo, appeals from a final order entered in the United States District Court for the District of Nebraska granting summary judgment in favor of defendants. *Jaramillo v. Burkhart*, No. CV 87-0-508 (D.Neb. June 18, 1992) (order and letter opinion). For reversal, Jaramillo argues that the district court erred in holding that (1) her claims for damages for her granddaughters' personal injuries were barred by collateral estoppel and (2) she was not the real party in interest to press claims for her granddaughters' medical expenses. For the reasons discussed below, we reverse the judgment of the district court and remand the case to the district court for further proceedings.

## I.

Because this is an appeal from a grant of summary judgment, we relate the facts in the light most favorable to Jaramillo as the non-moving party. On July 15, 1986, Carmen Lupe Jaramillo and her minor daughters Cindy and Ruby were passengers in a car that was involved in a traffic accident with a truck. Carmen died at the scene; Carryl Ortiz, the driver of the car, died later at the hospital. Cindy and Ruby were injured. The truck driver was unhurt.

Jaramillo is Carmen's mother and the grandmother of Cindy and Ruby. Jaramillo is the administrator of Carmen's estate and the guardian of her granddaughters. Danny Nava is the girls' father. He and Carmen were never married. It appears that the girls now live with Nava in California although he was not involved with them while their mother was alive.

In 1987, Jaramillo hired an attorney and filed three diversity lawsuits in federal district court against the truck driver and his employer, Olsen Brothers, an agricultural partnership. The first action was a wrongful death action for the death of Carmen brought by Jaramillo in her capacity as administrator of Carmen's estate. The second and third lawsuits were brought by Jaramillo in her capacity as the guardian of Cindy and Ruby Jaramillo for personal injuries. The same attorney filed the three lawsuits. The claims in each lawsuit were essentially the same: that the truck driver had been negligent and that his negligence was the proximate cause of the accident. The witnesses in each lawsuit were the same except for damages witnesses. The district court consolidated the three cases for purposes of discovery and trial. There was a consolidated pretrial conference and consolidated pre-trial order.

In 1989, the parties stipulated that the cases would be tried separately in the order that they had been docketed. The wrongful death action was tried first. The jury found in favor of defendants.

After the judgment in the wrongful death action was affirmed on appeal,[1] defendants

filed motions for summary judgment in the pending personal injury actions. The district court granted summary judgment in favor of defendants on the ground of collateral estoppel. The district court found that Cindy and Ruby were in "functional privity" with the plaintiff in the wrongful death action, that is, Jaramillo as the administrator of Carmen's estate, and that Jaramillo had had an opportunity to litigate fully and fairly the issues in the wrongful death action. In the alternative, the district court granted partial summary judgment in favor of defendants with respect to Jaramillo's claims for her granddaughters' medical expenses because under Nebraska law a guardian can bring an action to recover for a minor's medical expenses only when there is no parent. For that reason, the district court held that Nava is the proper party plaintiff with respect to the claims of Cindy and Ruby for medical expenses, not Jaramillo as their guardian. This appeal followed.

## II.

Jaramillo first argues that the district court misapplied the state law regarding collateral estoppel in this diversity case and that, under a proper reading of the pertinent authorities, her claims are not barred. Defendants argue that the district court properly granted summary judgment in their favor on the ground of collateral estoppel.

Collateral estoppel is an issue of substantive law requiring the application of state law in diversity actions. *Richardson v. Phillips Petroleum Co.*, 791 F.2d 641, 643 (8th Cir.1986), *cert. denied*, 479 U.S. 1055, 107 S.Ct. 929, 93 L.Ed.2d 981 (1987). Nebraska law governs this case. This court reviews *de novo* the district court's determination of state law. *Salve Regina College v. Russell*, 499 U.S. 225, 231–32, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

The doctrine of collateral estoppel as applied in Nebraska is explicated in *American Province of the Servants of Mary Real Estate Corp. v. Metropolitan Utils. Dist.*, 178 Neb. 348, 133 N.W.2d 466 (1965) (*American*

---

1. *Jaramillo v. Burkhart*, 985 F.2d 567 (8th Cir. 1991) (per curiam).

*Province* ). In that case the employee was compelled by statute to join his employer as a party defendant in his personal injury action against a utility. 133 N.W.2d at 468. The event giving rise to the litigation was an explosion at work that the employee alleged resulted from the utility's negligence, and a provision of the worker's compensation statute required joinder of the employer to protect its right to reimbursement for any compensation paid to the employee. *Id.* The employer and its insurance carrier appeared but did not actively participate in the litigation. *Id.* The utility was held to be not liable to the employee for negligence. The employer later sought to press a negligence action against the utility for property damage suffered in the same explosion that injured the employee. *Id.* The utility argued that the employer was collaterally estopped from litigating the issue of the utility's negligence because that issue was found in the utility's favor in the earlier proceeding to which the employer was a party. *Id.* The trial court agreed. *Id.*

On appeal, the Nebraska Supreme Court reversed. The court held that a party of record is not a party for all purposes. *Id.* at 469. Parties to an action are collaterally estopped by a former judgment only if they were parties to the action in which it was rendered, in the same capacities and in the same antagonistic relationship, or else they must be in privity with the parties to the former action. *Id.* The court found that the employer was joined pursuant to statute in the prior action and acted solely to represent the interests of its insurance carrier. *Id.* at 470. A person acting in a fiduciary or representative capacity who litigates to judgment questions relating to his or her rights, duties, or liabilities in that capacity is not bound by that judgment in a subsequent proceeding with respect to his or her personal or individual rights connected with the same subject matter. *Id.* The court held that the employer did not act in the same capacity in the second action and that collateral estoppel did not apply. *Id.* at 471.

In the present case, Jaramillo acted in a representative capacity in the wrongful death action, as administrator of the estate of her daughter Carmen. Under the Nebraska rule of collateral estoppel, Jaramillo would not be barred from litigating a second action on her own behalf. Nebraska case law indicates that she should not be barred from pressing a subsequent action in another representative capacity, that is, as guardian of her minor granddaughters.

In *Hickman v. Southwest Dairy Suppliers, Inc.*, 194 Neb. 17, 230 N.W.2d 99 (1975) (*Hickman* ), the husband was injured in an auto accident in which his wife was killed. Both were passengers in a vehicle, owned and driven by a friend, which collided with a truck at an intersection. 230 N.W.2d at 101. A third party was appointed administrator of the wife's estate. *Id.* The administrator brought a wrongful death action in his own name as the personal representative of the wife's estate against the owners of the truck. *Id.* A final judgment was entered in favor of the defendants. *Id.* at 99.

The husband later brought a negligence action against the same defendants for personal injuries suffered in the collision. *Id.* at 101–02. The trial court granted summary judgment for the defendants on the ground that, despite the fact that the two causes of action could not be joined under Nebraska law, the issues and the real party in interest were the same in both actions and the husband was bound by the decision in the former action. *Id.* at 102.

On appeal, the Nebraska Supreme Court reversed. The court stated that the test for whether collateral estoppel applies is as follows:

> whether or not the parties in the two suits are the same, or, if not, whether privity exists between the plaintiffs in the two actions, and further, whether the plaintiff husband had control of or actively participated in the litigation involving, and the trial of, his wife's wrongful death action.

*Id.* at 103. The court observed that the plaintiff in the second action (the husband) was different from the plaintiff in the first (the administrator). *Id.* Moreover, the court noted that even if the husband had been the named plaintiff in the first action, as the administrator of his wife's estate, collateral estoppel would not apply in the second

action because the husband would not have been a party in the same capacity. *Id.*

The court found that the husband was not in privity with the administrator who was the plaintiff in the earlier action. The Nebraska wrongful death statute vests the right of action exclusively in the personal representative, and the apparent heirs of the deceased have no vested rights in the proceeds of the action until a subsequent determination by a court as to who is to receive them. *Id.* at 104. Thus, there was no privity between the husband and the wife's estate, despite the fact that the husband would be the exclusive beneficiary of any wrongful death recovery by the estate. *Id.* at 105.

The court noted that the strict rule that a judgment is operative only in regard to parties and privies is sometimes expanded to include as parties or privies a person who is not technically a party to a judgment or in privity with a party, but who is, nevertheless, connected with it by his or her interest in the prior litigation and right to participate therein, at least where such right is actively exercised. *Id.* The court held that the record did not substantiate the defendants' claim that the husband had controlled the prior litigation. *Id.* The court noted that one may employ counsel to assist a party, or testify as a witness, or give other active support to the party's cause without becoming a party to the record or bound by the judgment rendered. *Id.*

*Hickman* cited with approval *Smith v. Bishop,* 26 Ill.2d 434, 187 N.E.2d 217 (1962). 230 N.W.2d at 105. In that case a mother who pursued an unsuccessful wrongful death action as the administratrix of the estates of her two daughters was not collaterally estopped from asserting a cause of action against the same defendant for her personal injuries suffered in the same accident.

In the present case, we believe the district court mistakenly concluded that privity exists between Jaramillo acting as the guardian of her granddaughters and Jaramillo acting as the administrator of her daughter's estate. The district court based this conclusion on two factors: the two minor children were passengers in the same vehicle with their deceased mother at the time of the accident

in question and the legal issues in all three cases are the same. However, both factors were present in *Hickman,* in which the Nebraska Supreme Court concluded that privity did not exist. Under the controlling *Hickman* and *American Province* precedents, privity does not exist.

The district court also found that Jaramillo had an opportunity to litigate fully and fairly the issues in the prior action because she retained the attorney who handled all three actions, the three actions were conducted jointly at least as to pretrial discovery and the pretrial conference, and the financial interests of Cindy and Ruby were represented in the wrongful death action. In holding that these factors contributed to place Jaramillo as the guardian of her granddaughters in privity with Jaramillo as the administrator of her daughter's estate, the district court relied in part on the functional privity analysis in *Gerrard v. Larsen,* 517 F.2d 1127 (8th Cir.1975) (*Gerrard*), a North Dakota diversity action. In *Gerrard,* this court confronted the privity issue in a diversity case where there was no state precedent on point. *Id.* at 1132. In the absence of state precedent, this court was guided by decisions in other cases that provided "the most just and reasoned analysis." *Id.* (quoting *Passwaters v. General Motors Corp.,* 454 F.2d 1270, 1278 (8th Cir.1972)). We applied "what we view[ed] as the optimal rule of collateral estoppel under the circumstances of this case." *Id.* In the present case, however, we are not free to apply an optimal rule, but instead are constrained to apply the law of Nebraska as shown in *Hickman* and *American Province.* Defendants' reliance on *Gerrard*'s analysis of the privity issue is misplaced.

We also distinguish defendants' reliance on *Webb v. Distefano,* 575 F.Supp. 639 (D.Neb. 1983) (*Webb*). The issue in that case was whether a federal civil rights plaintiff could invoke offensive collateral estoppel against a defendant who was not a party to a prior action arising from the same facts. *Id.* at 640. Federal law governs the preclusive effect of a claim arising under federal law. *Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir.1982). The prior action in *Webb* was a federal civil rights action, so federal law

governed the preclusive effect of that action. *Webb* cites only federal cases and does not illuminate the state of the law in Nebraska.

### III.

The district court also held that Nava was the real party in interest as to the claims for the girls' medical expenses under Nebraska law. The district court found that even if it were to hold that Jaramillo was not collaterally estopped, defendants were entitled to partial summary judgment as to the claims for the girls' medical expenses. Jaramillo argues that the district erred because it should have allowed her to join or substitute Nava as plaintiff.

In a diversity action, state law determines the issue of who is a real party in interest. *Dubuque Stone Prods. Co. v. Fred L. Gray Co.*, 356 F.2d 718, 723 (8th Cir.1966). Nebraska law provides that an action for the medical expenses of a minor may be brought by the minor's parent and may only be brought by a guardian on behalf of a minor where there is no parent. *Macku v. Drackett Prods. Co.*, 216 Neb. 176, 343 N.W.2d 58, 60 (1984).

If an objection to a plaintiff's right to institute an action is sustained, Fed. R.Civ.P. 17 allows the joinder of the real party in interest in order to avoid injustice. *Chicago & Northwestern Transp. Co. v. Negus–Sweenie, Inc.*, 549 F.2d 47, 50 (8th Cir. 1977). Fed.R.Civ.P. 17(a) provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of the action by, or joinder or substitution of, the real party in interest. In the present case, it is not clear from the record whether the district court allowed Jaramillo a reasonable time to substitute or join Nava, the girls' father. On remand the district court should allow Jaramillo a reasonable time to substitute or join Nava as the real party in interest with respect to the claims for the girls' medical expenses.

### IV.

We hold that the district court erred in finding that Jaramillo was collaterally estopped from litigating the issue of defendants' negligence and in granting partial summary judgment in favor of defendants on the issue of medical expenses.

Accordingly, the judgment of the district court is reversed and the cause remanded for further proceedings.