Annie Lee **DUCKETT**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 93–CV–767.

District of Columbia Court of Appeals.

Submitted Dec. 16, 1994.

Decided Feb. 23, 1995.

---

G.R. Toney, Bethesda, MD, was on the brief, for appellant.

Vanessa Ruiz, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Sonia A. Bacchus, Asst. Corp. Counsel, Washington, DC, were on the brief, for appellee.

Before TERRY and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

**PER CURIAM:**

Appellant appeals the court's dismissal of a suit for lack of standing when a mother filed suit in her individual capacity rather than as the personal representative of her deceased son. Plaintiff informed the court that she had begun the process to become the personal representative. Nonetheless, the trial court failed to recognize the ability to substitute the real party in interest under Super.Ct.Civ.R. 17(a) and dismissed the suit. We reverse the trial court's dismissal for lack of standing, and remand to allow the plaintiff to substitute the real party in interest within a reasonable time.

**I.**

On January 21, 1993, Ms. Duckett filed a complaint in her own name, alleging negligence as the cause of her son's death. The complaint alleges that her son was given tainted blood transfusions at the District of Columbia General Hospital which caused him to die of Acquired Immune Deficiency Syndrome ("AIDS"). Plaintiff's son, George William Lowry, Jr., was a prisoner at a District facility. The complaint alleges that on August 3 or 4, 1985, the son sustained injuries in an altercation with another prisoner and was treated at the hospital. On March 2, 1988, following his release from parole on August 7, 1987, Lowry was admitted to the hospital for tests and was diagnosed with AIDS. On January 25, 1990, he died of AIDS-related complications.

The District filed a motion to dismiss Ms. Duckett's complaint on three grounds: (1) Ms. Duckett lacked standing to bring the action; (2) the hospital and District were improper parties; and (3) the complaint was barred under all applicable statutes of limitations. On May 24, 1993, the Superior Court found that Ms. Duckett did not have standing in her own capacity and therefore dismissed the suit. Counsel for appellant advised the trial court that a petition for administration was pending, but represented that an order would likely not be rendered until the following week.[1] Despite this representation, the

---

1. Ms. Duckett was appointed personal representative on May 19, 1993. However, counsel for the appellant was not aware of this fact during the oral argument before the Superior Court on May 21, 1993.

court dismissed the suit. This timely appeal followed.

## II.

Appellant argues that, pursuant to Super.Ct.Civ.R. 17(a), the trial court should have granted a reasonable time to amend the complaint to substitute the real party in interest. The District, failing to address the standing issue, argues that the trial court properly dismissed the complaint because the statute of limitation for both a wrongful death claim and a survival action had expired. However, our review of the trial court's ruling reveals that the trial court never decided the statute of limitations issues, rather it only ruled on the standing issue.[2] Because we remand this case, the trial court may find it necessary to address the statute of limitations arguments.

⬛ Turning to the standing issue, we find no error in the trial court's determination that Ms. Duckett cannot bring suit in her individual capacity and that the personal representative is the appropriate party. However, we do find error in the court's failure to recognize that the appropriate party can be substituted. Super.Ct.Civ.R. 17(a) states in part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

A reading of this provision leads to the conclusion that an action should not be dismissed without a fair opportunity to substitute the real party in interest. This reading of Super.Ct.Civ.R. 17(a) also is supported by case law. In *Jaramillo v. Burkhart,* 999 F.2d 1241 (8th Cir.1993), the mother, guardian of her minor granddaughters and administrator of the estate, sued in part for injuries

to the minor granddaughters arising out of an automobile accident. The trial court dismissed this claim because under Nebraska law a guardian can only bring an action to recover for a minor's medical expenses when there is no living parent. In that instance, the children's father was still alive. The court of appeals agreed with the trial court that the father was the real party in interest. The court concluded that:

[i]f an objection to a plaintiff's right to institute an action is sustained, Fed. R.Civ.P. 17 allows the joinder of the real party in interest in order to avoid injustice. Fed.R.Civ.P. 17(a) provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of the action by, or joinder or substitution of, the real party in interest. In the present case, it is not clear from the record whether the district court allowed [the grandmother] a reasonable time to substitute or join Nava, the girl's father. On remand the district court should allow [the grandmother] a reasonable time to substitute or join [the father] as a real party in interest with respect to the claims for the girls' medical expenses.

*Id.* at 1246 (citation omitted).

Another court, in a similar case, has followed the same approach. *Hembree v. Tinnin,* 807 F.Supp. 109 (D.Kan.1992). In *Hembree* the father of the decedent, and administrator of the estate, sued under the Kansas wrongful death and survival action statutes. However, under Kansas law a parent of the decedent cannot bring a wrongful death action if there is a surviving spouse of the deceased. Plaintiff asked leave of the court to join the decedent's wife as an additional party plaintiff, both in her individual capacity and as guardian for a minor child. The court concluded that "if a defendant raises a meritorious real party in interest defense, the rule requires that the court allow a reasonable time for joinder or substitution of the real party in interest." *Id.* at 110. The

---

**2.** Because of factual issues created by the discovery rule, the District's motion made under Super.Ct.Civ.R. 12(b)(6) could not have been granted on the present record. *See, e.g., Jones v. Rogers Memorial Hosp.,* 143 U.S.App.D.C. 51, 442 F.2d 773 (1971).

court allowed plaintiff thirty days to add the wife as a party for the purpose of prosecuting the wrongful death action.

Lastly, *Brohan ex rel. Brohan v. Volkswagen Mfg. Corp.,* 97 F.R.D. 46 (E.D.N.Y. 1983), is similar to our case and is instructive. In *Brohan* the decedent's widow sued in her individual capacity for wrongful death and for decedent's pain and anguish. However, under New York law these claims accrue only to the decedent's personal representative. Plaintiff was not appointed executrix of her husband's will until after the filing of the suit. Plaintiff sought to amend the complaint to add herself as the personal representative. The court concluded that "[p]laintiff's lateness in obtaining and pleading her appointment as executrix is the kind of technical mistake apparently contemplated by Rule 17(a)." *Id.* at 49. "Here it appears that plaintiff's attorney made an honest mistake in assuming that plaintiff could maintain the action as an individual." *Id.* The court also concluded that plaintiff moved to add the personal representative within a reasonable time and allowed the amendment of the complaint.

As in *Jaramillo,* we hold that the trial court erred in failing to provide the plaintiff with an opportunity to substitute herself as personal representative as the real party in interest. As in *Hembree* and *Brohan,* we hold that the trial court should have allowed a reasonable time for the substitution. To dismiss the action, under the circumstances presented—where the plaintiff was making a good faith attempt to become the personal representative—without allowing a reasonable time to substitute the appropriate party was error. We, therefore, reverse the dismissal of the action on the grounds of lack of standing, and remand with instructions that the trial court provide appellant with a reasonable time to substitute the real party in interest.

*So ordered.*