**NATIONAL FAIR HOUSING ALLIANCE, INC., et al., Plaintiffs,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**Civil Action No. 01–2199(EGS).**

United States District Court, District of Columbia.

Aug. 29, 2002.

Stephen M. Dane, Beth A. Wilson, Cooper & Walinksi, L.P.A., Toledo, OH, Gary S. Thompson, John E. Heintz, Elizabeth Feinberg, Lara Schwartz, Gilbert Heintz & Randolph, L.L.P., Washington, DC, for Plaintiffs.

Benjamin B. Klubes, Andrew L. Sandler, Lily A. Camet, Mary L. Smith, Skad-

den Arps Slate Meagher & Flom, L.L.P., Washington, DC, for defendants.

## ORDER

SULLIVAN, District Judge.

Pending before the Court is the defendants' motion for reconsideration of the Court's denial of their motion to dismiss the individual plaintiffs' Section 1981 claims. For substantially the reasons articulated in the Memorandum Opinion issued July 9, 2002, the Court denies defendants' motion for reconsideration.

In its July 9, 2002 Memorandum Opinion, the Court noted that the parties had failed to brief the difficult choice of law issue presented by this case. However, the Court found that it need not reach this issue because, accepting as true all allegations contained in the complaint, plaintiffs had clearly pled the existence of continuing violations.

Nothing in the defendants' motion for reconsideration persuades this Court that it should revisit its decision. The recent Supreme Court decision, *National Railroad Passenger Corp. v. Morgan*, —— U.S. ——, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), provides further guidance on the application of the continuing violations doctrine.[1] In *Morgan*, the Court distinguished between claims alleging discrete retaliatory or discriminatory acts and hostile work environment claims. *Id.* 122 S.Ct. at 2070. The Court held that, for purposes of a hostile work environment claim under Title VII, 42 U.S.C. § 2000e–5(e)(1), if any act that is "part of the actionable hostile work environment practice" falls within the statutory time period, plaintiff's claim will be viable. 122 S.Ct. at 2076.

While the Court notes that plaintiffs' allegations are more akin to a hostile environmental claim than one resting on a discrete discriminatory act, the Court today need not reach the question of whether *Morgan* should be extended to apply to plaintiffs' Section 1981 claims. As discussed in the Court's July 9, 2002 Memorandum Opinion, individual plaintiffs allege that Prudential has engaged in a continuing course of intentional discrimination. At this stage of the proceedings, plaintiffs are entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). As the D.C. Circuit has "repeatedly held, courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C.Cir.1996) (citing *Richards v. Mileski*, 662 F.2d 65, 73 (D.C.Cir.1981); *Jones v. Rogers Memorial Hosp.*, 442 F.2d 773, 775 (D.C.Cir.1971)). Indeed, the Supreme Court has recently explained that the notice pleading standard set forth in Fed. R.Civ.P. 8 " 'relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.' " *Browning v. Clinton*, 292 F.3d 235, (D.C.Cir.2002) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, ——, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002)). At this stage in the proceedings, individual plaintiffs have adequately pled the existence of continuing violations. The Court will entertain any challenges by defendants to the viability of the continuing violations doctrine for purposes of the statute of limitations after the development of a factual record.

---

1. The Court notes that defendants failed to discuss *Morgan* in their motion for reconsideration, citing the case in their reply brief only after plaintiffs' raised the case in their opposition to the motion for reconsideration.

For the foregoing reasons, and upon careful consideration of defendants' motion for reconsideration, the response and reply thereto, the entire record herein, and the applicable statutory and case law, it is hereby

**ORDERED** that defendants' motion for reconsideration of the Court's denial of defendants' motion to dismiss individual plaintiffs' Section 1981 claims is **DENIED.**

**IT IS SO ORDERED.**