**Regina F. BROHAN, individually and on behalf of Francis R. BROHAN, Deceased, Plaintiff,**

v.

**VOLKSWAGEN MANUFACTURING CORPORATION OF AMERICA and American Contractors Equipment Company, Defendants.**

**VOLKSWAGEN MANUFACTURING CORPORATION OF AMERICA, Third-Party Plaintiff,**

v.

**FISHBACH & MOORE, Third-Party Defendant.**

**AMERICAN CONTRACTORS EQUIPMENT CO., Second Third-Party Plaintiff,**

v.

**JLG INDUSTRIES, INC., Fulton Industries, Inc., Badgerland Equipment, Inc. and Huber, Hunt and Nichols, Inc., Second Third-Party Defendants.**

No. 79 C 2594.

United States District Court, E.D. New York.

March 8, 1983.

Howard S. Davis, New York City, for plaintiff.

James G. Barron, New York City (Virginia E. Smith, Brooklyn, N.Y., of counsel), for defendant and third-party plaintiff Volkswagen Mfg. Corp. of America.

Leonard A. Sheft & Associates, New York City (Susan T. Perrotta, New York City, of counsel), for defendant and second third-party plaintiff American Contractors Equipment Co.

McLaughlin, Simone & Lawlor, New York City (Raymond G. Lawlor, New York City, of counsel), for third-party defendant Fishbach & Moore.

Benjamin J. Sergi, P.C., Brooklyn, N.Y. (Thomas J. McCarthy, New York City, of counsel), for second third-party defendants JLG Industries, Inc. and Fulton Industries, Inc.

MacCartney, MacCartney & MacCartney, Nyack, N.Y. (Harold Y. MacCartney, Jr., Nyack, N.Y., of counsel), for second third-party defendant Badgerland Equipment, Inc.

Newman & Schlau, P.C., New York City, for second third-party defendant Huber, Hunt and Nichols, Inc.

**48**

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The amended complaint alleges the following facts. On December 29, 1977, Francis Brohan, the now deceased husband of plaintiff Regina F. Brohan, was working for third-party defendant Fishbach & Moore at the New Stanton, Pennsylvania plant of defendant Volkswagen Manufacturing Corporation of America ("Volkswagen"). Both Volkswagen and defendant American Contractors Equipment Company ("ACE") were instrumental in providing to Francis Brohan a so-called manlift or cherrypicker, and ACE was responsible for its maintenance. He was in the machine when it malfunctioned and caused him injuries resulting in his death. Plaintiff brought this action on October 9, 1979, asserting claims for wrongful death and for decedent's pain and anguish. Jurisdiction is based on diversity of citizenship.

Defendant ACE moves to dismiss for lack of personal jurisdiction. Second third-party defendant Badgerland Equipment, Inc. ("Badgerland") moves to dismiss for lack of jurisdiction over itself as well as over ACE. All defendants and third-party defendants except Fishbach & Moore move to dismiss the action as time-barred. All defendants and third-party defendants except JLG Industries, Inc. ("JLG") and Fulton Industries, Inc. ("Fulton") move to dismiss for lack of "standing." Plaintiff moves for leave further to amend her complaint and to strike the defenses based on the statute of limitations. ACE, Fulton, and JLG also move for a stay of discovery pending decision on their motions.

### I

■. Under Federal Rule of Civil Procedure 12(b), (h)(1)(B), ACE waived its jurisdictional contention by failing to assert it in a Rule 12 motion or in its answer to the original complaint. The fact that plaintiff thereafter filed an amended complaint does not revive the right to assert the defense. See *Rowley v. McMillan,* 502 F.2d 1326, 1332 (4th Cir.1974).

### II

■ Badgerland, a Wisconsin corporation that sold the manlift, asserts a lack of jurisdiction over itself. It has filed affidavits stating that it is not registered to do business in New York, does not solicit or transact business here, and has no local office, employees, or real estate. It therefore appears that Badgerland has insufficient contacts with New York to make exercise of jurisdiction reasonable and fair. See *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). No party argues otherwise.

### III

■ Volkswagen, JLG, Fulton, and Badgerland urge that New York courts would apply Pennsylvania's one-year statute of limitations for wrongful death actions. These arguments fail to take account of New York's "borrowing statute." C.P.L.R. § 202 provides that "where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." Plaintiff was a New York domiciliary at the time of the accident and has the benefit of New York's two-year statute of limitations.

### IV

■ Under New York law, claims for wrongful death and surviving claims for pain and suffering accrue only to the decedent's personal representative. Plaintiff brought the action as an individual and was not appointed executrix of her husband's will until September 2, 1982. Several parties move to dismiss for lack of "standing." She seeks to amend the complaint to add herself as a plaintiff in a representative capacity. She also argues that the amendment should relate back to the time of the filing of the original complaint. If the amendment does not relate back, the New York two-year statute of limitations bars her claim as executrix.

Some parties argue that Federal Rule of Civil Procedure 17(b) governs plaintiff's "standing" and thus requires the court to

apply New York law. That rule provides, in pertinent part, that the "capacity of an individual, other than one acting in a representative capacity, to sue ... shall be determined by the law of his domicile" and that in "all other cases capacity to sue ... shall be determined by the law of the state in which the district court is held." Here there is no question about plaintiff's "personal right to come into court." *Magee v. McNany,* 10 F.R.D. 5, 11 (W.D.Pa.1950). She is not an infant or otherwise incompetent. As an individual she does not lack "capacity" to sue, although she attempted to assert a claim not hers as an individual.

Rule 17(a) is more to the point. It provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." An amendment under this rule relates back to the date of initial filing of the action.

Plaintiff's lateness in obtaining and pleading her appointment as executrix is the kind of technical mistake apparently contemplated by Rule 17(a). That impression is confirmed by the Advisory Committee Note accompanying the 1966 amendment adding the quoted sentence. The note refers to cases where "an honest mistake has been made in choosing the party in whose name the action is to be filed, and says that the rule was intended in part "to codify in broad terms the salutary principle" of *Levinson v. Deupree,* 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953). That case involved not a mistake in pleading but the defective appointment of an administrator who had brought a wrongful death action. Here it appears that plaintiff's attorney made an honest mistake in assuming that plaintiff could maintain the action as an individual.

Rule 17(a) applies to this case not by inference or analogy but by its "plain meaning." There is thus a "direct collision" between the rule and what defendants argue is the New York rule. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 750 & n. 9, 100 S.Ct. 1978, 1985 & n. 9, 64 L.Ed.2d 659 (1980). In such circumstances the court need not refer to the policies of *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A valid Federal Rule is controlling if it "cover[s] the point in dispute." *Hanna v. Plumer,* 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965).

There remains the question of whether plaintiff's attorney moved to cure the mistake within the "reasonable" time allowed by Rule 17(a). Volkswagen did not move until recently to dismiss for failure to bring the action in a representative capacity. Indeed, in its answer dated December 28, 1979 Volkswagen did not raise such a defense, and thereafter impleaded the third party Fishbach & Moore. On May 12, 1980 Volkswagen moved to dismiss, but only on the ground that plaintiff had failed to plead the requisites of federal jurisdiction.

On June 9, 1980 this court permitted plaintiff to file an amended complaint alleging diversity jurisdiction. The two defendants and the third party defendant thereafter moved to dismiss or transfer the action on the ground that this court was an inconvenient forum. While that motion was pending and before it was denied, Volkswagen filed on November 24, 1980 its answer to the amended complaint. That answer contained six separate defenses and three cross-claims. The sixth defense alleged that plaintiff lacked "standing" since she was not "designated an executrix of [sic] administatrix." On September 28, 1982 Badgerland made its present motion to dismiss upon several grounds, among others, that plaintiff lacked "standing" and "capacity" to sue. Volkswagen and the others followed suit. On October 19, 1982 plaintiff moved to amend the complaint to allow plaintiff to sue as executrix.

Under the circumstances the court has no doubt that plaintiff moved to add the exec-

utrix as a plaintiff within "a reasonable time." No one has been misled in the slightest degree as to the nature of the claim or the issues at stake. Perhaps Volkswagen's sixth defense in its answer of November 24, 1980 should have alerted plaintiff's attorney to the need to bring the claim in the name of the personal representative. But Rule 1 requires the court to construe the "reasonable time" allowed by Rule 17(a) in such a way as to secure the "just" as well as the speedy and inexpensive determination of the action. It would hardly be "just" to hold that plaintiff was too late to correct the situation where no prejudice to the defendants has occurred and there is no evidence that the delay was a tactic undertaken in bad faith.

Moreover, the court's reading of Rule 17(a) is supported by the Advisory Committee Notes to the 1966 Amendments to Rule 15. Rule 15(c), as amended in 1966, permits an amendment changing a party against whom a claim is made to relate back to the original pleading where the amended claim arises out of the same circumstances as set forth in the original pleading, the person claimed against has received sufficient notice of the institution of the claim to avoid prejudice, and he knew or should have known the identity of the appropriate party. The Advisory Committee made it plain that these same criteria should apply to a change of plaintiffs. The last paragraph of the notes to Rule 15(c) recites that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." The standards adopted in Rule 15(c) have been met here.

The parties were on notice of the relevant considerations from the time they were first served. "The fact that an applicable statute of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues on which the action is based." *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300 (10th Cir.1971).

Since the motion was made in a "reasonable time," the parties' reliance on New York law is misplaced. Plaintiff is entitled by virtue of Rule 17(a) to amend the complaint to reflect her appointment as executrix. A similar result was reached in *Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4th Cir.), *cert. denied,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980), and *Crowder v. Gordons Transports,* 387 F.2d 413 (8th Cir. 1967).

V

Defendant ACE's motion to dismiss for lack of personal jurisdiction is denied. Defendant Badgerland's motion to dismiss the third-party complaint as against it and all cross-claims against it for lack of personal jurisdiction is granted. Plaintiff's motion for leave to amend the complaint is granted. All motions to dismiss the complaint as time-barred or for lack of "standing" are denied. Plaintiff's motion to strike the statute of limitations defenses is granted. The motions to stay discovery are denied as moot. So ordered.