Rosemary THOMAS, As Administratrix of the estate of Hutson Thomas, Rosemary Thomas, Individually, Morris Thomas and Rosemary Thomas, Plaintiffs,

v.

MITCHELL–BRADFORD CHEMICAL COMPANY, A DIVISION OF MESSING CORPORATION, Defendant.

MITCHELL–BRADFORD CHEMICAL CO., INC., Third-Party Plaintiff,

v.

PRECISION HEAT TREATING COMPANY, INC., E.I. DuPont de Nemours Company and Independent Chemical Corporation, Third-Party Defendants.

No. 82 CV 3223.

United States District Court,
E.D. New York,
Civil Division.

March 22, 1984.

Reichenbaum & Silberstein, Great Neck, N.Y. (Steven B. Tannenbaum, Great Neck, N.Y., of counsel), for plaintiff Rosemary Thomas.

McHugh, Leonard & O'Conor, New York City (Janet D. Baker, New York City, of counsel), for defendant Mitchell-Bradford Chemical Co.

John S. Zachary, P.C., Staten Island, N.Y. (James M. O'Donnell, Staten Island, N.Y., of counsel), for third-party defendant Precision Heat Treating Co., Inc.

Townley & Updike, New York City, for third-party defendant E.I. Dupont de Nemours & Co.

Pincus, Ohrenstein, Bizar, D'Alessandro & Solomon, New York City, for third-party defendant Independent Chemical Corp.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion by plaintiffs to amend their complaint pursuant to Fed.R.Civ.P. 15. Defendant Mitchell-Bradford Chemical Co., Inc. ("Mitchell-Bradford") and third-party defendant Precision Heat Treating Company, Inc. ("Precision") oppose the motion and cross-move for summary judgment dismissing the original complaint. *See* Fed.R.Civ.P. 56. For the reasons stated below, plaintiff's motion to amend is granted, and the amendment relates back to the date of the filing of the original complaint for statute of limitations purposes.

### Facts

Plaintiff, Rosemary Thomas, brought this action in the New York State Supreme Court "as administratrix" of the estate of Hutson Thomas, her father. (It turns out

that she is not the administratrix.) She alleged that defendant Mitchell-Bradford supplied certain chemicals, including one known as "Black Magic," to decedent's employer, and that exposure to this chemical resulted in Hutson Thomas' death. Defendant removed this action to this Court based upon diversity of citizenship and subsequently impleaded third-party defendants Precision (the decedent's employer), E.I. DuPont de Nemours & Company ("DuPont") and Independent Chemical Corporation ("Independent").

Plaintiff now seeks to amend the complaint to name Louleta Thomas, decedent's wife and executrix of his estate, as plaintiff. Rosemary Thomas states that she was inadvertently named as administratrix in the original complaint. The error was not discovered until pretrial discovery revealed that Louleta Thomas had been named executrix of the estate of Hutson Thomas. Plaintiffs, therefore, seek to amend the caption of their complaint to reflect the real party in interest.

Defendant Mitchell-Bradford and third-party defendant Precision claim that under the New York law which governs the case, plaintiff Rosemary Thomas lacks the capacity to sue and that defendants are therefore entitled to summary judgment dismissing the complaint. Mitchell-Bradford also argues that amendment should be denied on the ground that plaintiffs' undue delay in making their motion has resulted in prejudice to the defendants. Finally, Mitchell-Bradford contends that even if amendment of the complaint is allowed under Rule 15(a), it should not relate back under Rule 15(c). In that case, the complaint would have to be dismissed because the applicable statutes of limitation have run.

### Discussion

#### I. *Choice of Law*

In this diversity-based action, state substantive law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The New York statute creating the cause of action for wrongful death (Estates, Powers and Trusts Law ("EPTL") § 5–4.1) states that

such an action may be brought by the duly appointed personal representative of a decedent who is survived by distributees. Similarly, EPTL § 11–3.2 states that, while a personal injury action survives the death of the injured party, it may be brought only by the decedent's personal representative. It is clear, therefore, that Louleta Thomas, the executrix, not plaintiff Rosemary Thomas, is the only person who may bring this suit. Because State law determines capacity to sue, *see* Fed.R.Civ.P. 17(b), this action may be maintained only if a curative amendment is permitted.

This determination requires inquiry into "whether state or federal law controls the allowance and relation back of the amendment sought here." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 610 (4th Cir., *cert. dismissed*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980). Under New York law the amendment would not be permitted because the naming of the wrong plaintiff is a "jurisdictional" defect that cannot be saved from the statute of limitations by the device of an amendment that relates back. *Goldberg v. Camp Mikan-Recro*, 42 N.Y.2d 1029, 369 N.E.2d 8, 398 N.Y.S.2d 1008 (1977). Under federal law, however, amendment and relation back clearly could be granted. *See* discussion *infra*. I hold that federal law applies.

This is not a question of first impression in the Second Circuit. In *Ingram v. Kumar*, 585 F.2d 566 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), the court stated:

We have no problem in finding that Fed. R.Civ.Proc. 15(c) applies in federal courts notwithstanding a possibly more restrictive state practice. Strong federal policies underlie Rule 15(c).... Application of the federal standards for relation back will not significantly impair state interests or encourage forum shopping.

*Ingram v. Kumar, supra*, 585 F.2d at 570 n. 5; *citing* 6 Wright & Miller, *Federal Practice and Procedure* § 1503 at 535 (1971 & 1977 Supp.). A Federal Rule of Civil Procedure applies in a diversity action where it merely "alters the mode of enforc-

ing state-created rights." *Hanna v. Plumer*, 380 U.S. 460, 473, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965). Accordingly, Federal Rule 15 governs.

## II. *The Merits*

Rule 15(a) freely permits amendments when justice so requires. To relate back under Rule 15(c), the amended claim must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R. Civ.P. 15(c). In addition, Rule 17(a) provides for the substitution of the real party in interest, and such substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed.R.Civ.P. 17(a).

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), states that Rule 15 motions should be liberally granted:

> If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182, 83 S.Ct. at 230.

■ In this case, there is absolutely no evidence of dilatory tactics or *undue* delay. The motion to amend was made promptly upon discovery of the error, and plaintiffs have not acted in bad faith. Nor have defendants demonstrated any prejudice. The technical invalidity of the interrogatories and medical authorizations provided by Rosemary Thomas is easily cured, and plaintiffs have expressed a willingness to do so. Plaintiff's Affidavit at 5. The amendment will be allowed.

■ The final question is whether the amendment will relate back to the date of the original pleading. The relevant considerations are whether, within the applicable limitations period, 1) the defendant received such notice of the action that he will not be prejudiced in his defense on the merits, and 2) he knew or should have known that, but for the error concerning the identity of the proper party, the action would have been brought against him. Fed.R.Civ.P. 15(c). Courts are more liberal with amendments that change plaintiffs than with those substituting new defendants. See 6 Wright & Miller, *Federal Practice and Procedure* § 1501.

■ In this case, substituting the decedent's wife for his daughter does not alter defendants' ability to defend an action of which they have had notice since its inception. The amended pleading will in no way alter the allegations originally set forth.

The Advisory Committee Notes to Rule 17 indicate that leniency is appropriate "when an honest mistake has been made in choosing the party in whose name the action is to be filed." Plaintiffs' error in this case appears to have been an honest one. Courts have read Rules 15(c) and 17(a) together in such situations. *E.g., Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300, 306 (10th Cir.), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Brohan v. Volkswagen*, 97 F.R.D. 46, 49–50 (E.D.N.Y. 1983).

As Judge Nickerson stated in *Brohan*, this case presents "the kind of technical mistake apparently contemplated by" the Federal Rules. 97 F.R.D. at 49. Amendment and relation back should be allowed in cases such as this, where "the change is merely formal and in no way alters the known facts and issues on which the action is based." *Metropolitan Paving, supra*, 439 F.2d at 306.

For the foregoing reasons, the plaintiffs' motion to amend the complaint to name Louleta Thomas as plaintiff is granted, the amendment to relate back to the date of the original pleading. Accordingly, defendant Mitchell-Bradford's and third-party de-

fendant Precision's cross-motions for summary judgment are denied.

SO ORDERED.