THE TRUSTEES OF HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL (REPRESENTING HEALTH AND WELFARE TRUST FUND); AND THE TRUSTEES OF SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION TRUST (REPRESENTING PENSION TRUST FUND), APPELLANTS, v. ROYCO, INC., dba LAKE MEAD TAVERN, Respondent.

No. 15387

January 10, 1985                    692 P.2d 1308

Thomas L. Pursel, Ltd., Las Vegas, for Appellants.

Peter L. Flangas, Las Vegas, for Respondent.

---

[3]The Honorable Richard Bryan, Governor, designated the Honorable Thomas A. Foley, District Judge of the Eighth Judicial District, to sit in this case in the place of THE HONORABLE NOEL E. MANOUKIAN, Chief Justice, who voluntarily disqualified himself. Nev. Const., Art. 6 § 4.

## OPINION

*Per Curiam:*

In December of 1980, appellants filed a complaint in district court against respondent. The complaint sought recovery for certain sums of money allegedly owed by respondent under the terms of a collective bargaining agreement. The parties subsequently undertook settlement negotiations. Consequently, on March 11, 1983, the district court dismissed the complaint. The district court's order of dismissal states:

> This matter having come on for trial January 29, 1982, and counsel for both the plaintiff and the defendant having represented to the Court that they had reached a settlement and would submit a judgment, and good cause appearing therefor, it is hereby
>
> ORDERED that this matter is hereby dismissed, and the note for trial docket filed February 7, 1983, be, and the same is hereby stricken.

Four days later, on March 15, 1983, the district court, without notice or a prior hearing, entered an amended order of dismissal which indicated that the action was dismissed without prejudice.

The next day, on March 16, 1983, appellants refiled their complaint. The complaint again sought recovery for sums of money allegedly owed by respondent under the parties' collective bargaining agreement. Respondent subsequently answered the complaint and moved for summary judgment, contending that the district court's first order of dismissal was res judicata and precluded appellants from relitigating their cause of action. The

district court agreed and entered summary judgment in respondent's favor. This appeal followed. We reverse.

Appellants contend, and we agree, that the doctrine of res judicata does not preclude their present action because a final judgment on the merits was never entered in the former action. *See* Horvath v. Gladstone, 97 Nev. 594, 637 P.2d 531 (1981). The district court's amended order of dismissal expressly states that the action was dismissed without prejudice. A dismissal without prejudice is not a final adjudication on the merits. *See, e.g.,* Lighthouse v. Great W. Land & Cattle, 88 Nev. 55, 493 P.2d 296 (1972).

Respondent counters that the March 15, 1983, amended order of dismissal is void because it was entered ex parte, without notice and a prior motion. Therefore, according to respondent, the doctrine of res judicata is applicable, and appellants' second action is barred by the lower court's original order of dismissal. We need not reach this contention, however. Even if the district court's amended order of dismissal was void because entered ex parte and without notice to respondent, appellants' present action would still not be barred by the doctrine of res judicata. The district court's original order of March 11, 1983, dismissing appellants' complaint, was clearly not a final adjudication of the merits of the action. The order specifically states that the action was dismissed solely because the parties had represented to the court that they had reached a settlement. Moreover, the order indicates that a final judgment was to be submitted by the parties and entered sometime thereafter.[1]

---

[1] In support of its motion for a summary judgment, respondent argued below that a trial was held on the merits, and that the district judge had entered a ruling in respondent's favor. This contention was supported by the affidavit of counsel which stated only that "a trial was had on the merits," and by a copy of the lower court's minutes. The clerk's minutes merely indicate that a recess was called, after which the parties informed the court of a settlement, and that the parties would "figure it out and submit a judgment." These minutes do not indicate a ruling on the part of the district court judge in favor of either party. In contrast, in opposition to the summary judgment motion, appellants' counsel averred that a trial had not concluded below on the merits; that appellants had four witnesses ready to testify; that the court took a recess and suggested to the attorneys that a settlement should be worked out; and that after settlement negotiations failed with no offer having been submitted to the court, the district court dismissed the action. In light of these allegations, which we must view in a light most favorable to appellants, and in light of the clear language contained in the district court's order, we conclude that the dismissal of appellants' complaint did not constitute a final judgment on the merits. *See* Mullis v. Nevada National Bank, 98 Nev. 510, 512, 654 P.2d 533, 535 (1982).

Accordingly, we reverse the summary judgment and remand for further proceedings.

SPRINGER, STEFFEN and GUNDERSON, JJ., and ZENOFF, Sr. J.,[2] concur.