**CONTINENTAL INSURANCE COMPANY, Continental Assurance Company, Continental Casualty Company, Plaintiffs–Appellants,**

v.

**N.A.D., INC., dba North American Drager, a foreign corporation; Invivo Research, Inc., Defendants–Appellees,**

and

**Does I Through X, Appellees.**

No. 00–15294.

D.C. No. CV–97–01915–DWH/LRL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided July 30, 2001.

Before PREGERSON, FERGUSON, HAWKINS, Circuit Judges.

MEMORANDUM *

Appellants Continental Insurance Company, Continental Assurance Company, and Continental Casualty Company (collectively, "CNA") appeal the District Court's dismissal of their federal action for failure to timely substitute the real party in interest pursuant to Rule 17(a).

Following a tragic accident during a routine operation at Southern Nevada Surgical Center ("SNSC"), a state lawsuit was initiated and, after approximately two years, a settlement was reached. CNA paid $14 million of the settlement on behalf of SNSC, who then filed a claim for Indemnity and Contribution against Drager and Invivo (collectively, the "Appellees"), the manufacturers of some of the operating room equipment. Appellees argued that CNA was the real party in interest, a claim they took to the Nevada Supreme Court and the resolution of which took

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

approximately three years. CNA in the meanwhile filed a protective action in state court preserving its rights. Appellees removed the protective action to federal court. The District Court stayed the case pending resolution of the state proceeding.

Shortly after the Nevada Supreme Court ruled that SNSC was the proper party to be pursuing the suit, Appellees moved to dismiss the state action based on Local Rule 41(e), which provides that no action may be pending in state court for more than five years without proceeding to trial. Because the claim for Indemnity and Contribution had been filed within the original malpractice lawsuit, the five-year period had expired. The state case was dismissed without prejudice.

At the same time, Appellees also moved to have the federal case dismissed because CNA had failed to timely substitute SNSC as the real party in interest. The District Court granted the dismissal. We reverse.

■ As an initial matter, the doctrine of res judicata does not apply. The state case was dismissed without prejudice for Appellants to pursue their claims in the federal action. A dismissal without prejudice is not an adjudication on the merits and does not have a res judicata effect. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Trustees of Hotel and Restaurant Employees and Bartenders Intern. v. Royco, Inc.*, 101 Nev. 96, 692 P.2d 1308, 1309 (1985).

■ We review the District Court's conclusions of law *de novo* and its discretionary rulings for abuse of discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir.2000).

■ Federal Rule of Civil Procedure 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... substitution." The District Court held that the objection in this case was the Nevada Supreme Court's April 26, 1999 decision that SNSC was the proper party in interest rather than Appellee's June 22, 1999 motion to dismiss for failure to timely substitute. This was incorrect.

■ A motion, either by the parties or by the court, must be made in order to notify the disputed party of the error. *See Weissman v. Weener*, 12 F.3d 84, 87 (7th Cir.1993) (even where court objects sua sponte, Rule 17(a) requires a reasonable time to cure the defect). An objection is meant to provide notice to the parties that a defect must be corrected. *Cf. Levine v. United States*, 362 U.S. 610, 619, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960) (general objection does not suffice to give proper notice of issue); *see also Black's Law Dictionary* 1222 (4th ed.1951) ("to object .. is to interpose a declaration to the effect that the particular matter of thing under consideration is not done or admitted with the consent of the party objecting ...") The resolution of an issue in another court did not suffice as notice or objection for the purposes of Rule 17(a).

■ The advisory notes to Rule 17(a) make clear that equitable principles should apply to a district court's decision. *See* Fed.R.Civ.P. 17 Advis. Com. Notes (stating that the substitution clause "is added simply in the interests of justice"). The District Court erred in failing to consider the prejudice to the parties or the court's interest in litigating suits on their merits. *See Rousseau v. Diemer*, 24 F.Supp.2d 137, 143–44 (D.Mass.1998) (considering, *inter alia*, prejudice to defendant); *Conda Partnership, Inc. v. M.D. Construction Co., Inc.*, 115 Idaho 902, 771 P.2d 920, 922 (Idaho Ct.App.1989) (same); *Rinke v. Johns–Manville Corp.*, 47 Wash.App. 222, 734 P.2d 533, 537 (1987) (same). *Cf.*

*Southwest Marine Inc. v. Danzig,* 217 F.3d 1128, 1138 (9th Cir.2000) (setting out the equitable considerations for dismissing a case for failure to prosecute); *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981) (setting out the equitable considerations for determining a reasonable time for filing a Rule 60(b) motion to vacate or reconsider the judgment).

■ There is no indication that Appellees were prejudiced by the delay in substituting SNSC as the real party in interest. CNA made the motion on August 13, 1999, less than two months after Appellees' motion to dismiss served as an objection. This was not an unreasonable delay. *Cf.* Fed.R.Civ.P. 25 (allowing 90 days to move to substitute a party after one dies) and 60(b) (allowing one year to move for relief from judgment). *See also United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1491 (9th Cir.1993) (holding that government's delay of 15 months between a default judgment and demand was reasonable).

According to the state court in this case, thousands of hours and millions of dollars have already been spent on this case. There is a strong policy in favor of allowing a case to be heard on its merits. *See Russell v. Cunningham,* 279 F.2d 797, 804 (9th Cir.1960); *see also Torres v. S.S. Pierce Co.,* 471 F.2d 473, 474 (9th Cir. 1972).

■ The District Court found that CNA was "forum shopping" and acting in bad faith. We have never held that the filing of a protective action constitutes bad faith, even where the protective action is eventually litigated. *See Union Pacific R.R. Co. v. Dept. of Revenue,* 920 F.2d 581, 584 (9th Cir.1990). We also note that CNA repeatedly attempted to have its federal case remanded and consolidated with the state case. The District Court abused its discretion in labeling CNA's conduct "forum shopping" in this context.

■ The District Court correctly observed that "Rule 17(a) seeks to prevent forfeiture where 'determination of the right party to sue is difficult or when an understandable mistake has been made.'" *United States v. CMA, Inc.* 890 F.2d 1070, 1074 (9th Cir.1989). However, the District Court erred in using this rule to determine that it did not have to allow a reasonable time to substitute. The three-year litigation over the proper party in interest in state court demonstrated that the determination of the right party to sue was difficult. Rule 17(a) speaks to parties who file claims knowing that they are not the proper partes to the suit, not to parties who discover in the midst of the litigation that they are not proper parties. *Cf.* Fed. R.Civ.P. 25 (allowing reasonable time to substitute where party in interest changes during pendency of suit).

We find merit in neither of the alternative grounds for affirming that Appellees propose. CNA is not attempting to split a cause of action, and the principles this Court articulated in *Wulff v. CMA Inc.,* 890 F.2d 1070 (9th Cir.1989), are not applicable here.

Given the circumstances and equities of this case, we hold that a delay of less than two months in moving to substitute was not unreasonable. The District Court erred in dismissing this case. We REVERSE and REMAND to allow the substitution of the proper party in interest.