**William D. MORELAND, Plaintiff—Appellant,**

v.

**Mary J. CAMPAGNI; et al., Defendants—Appellees,**

and

**Capitol Ford, Inc., Defendant.**

**William D. Moreland, Plaintiff—Appellee,**

v.

**Mary J. Campagni; et al., Defendants,**

and

**Timothy P. Morsani, Defendant—Appellant.**

**William D. Moreland, Plaintiff—Appellee,**

v.

**Mary J. Campagni; et al., Defendants—Appellants,**

and

**Capitol Ford, Inc.; et al., Defendants.**

Nos. 03–16381, 03–16480, 03–16481.
D.C. No. CV–01–00369–HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2004.

Decided June 25, 2004.

Alex J. Flangas, Esq., Jerry Snyder, Esq., Hale Lane Peek Dennison Howard, Reno, NV, for Plaintiff–Appellee.

John W. Griffin, Esq., Todd Russell, Esq., Allison, Mackenzie, Russell, Pavlakis, Wright & Fagan, Ltd., Carson City, NV, for Defendants–Appellants.

Douglas A. Sloane, Esq., Sourwine & Sloane, Ltd., Reno, NV, for Defendants.

Before HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Plaintiff William Moreland and defendants Timothy Morsani and The Richard and Mary Campagni Family Trust ("Campagni") each appeal from the judgment entered in this action for breach of contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal conclusions, *see Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 793 (9th Cir.2003), its application of res judicata and collateral estoppel, *see Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir.2003), and the question of standing, *see Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir.2001). We review for abuse of discretion the district court's decision to deny equitable relief, *see Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir.2003), and we review for clear error its computation of damages, *see Amantea–Cabrera v. Potter*, 279 F.3d 746, 750 (9th Cir.2002). We affirm the judgment in part and reverse it in part.

Because the parties are familiar with the facts, we recite them only as necessary for this decision. As to Moreland's appeal, we conclude that the district court did not abuse its discretion in declining to order specific performance, for the reasons stated in its June 20, 2003 decision. The district court did not err in concluding that defendants had a right to rely and act upon the judgment entered in the first lawsuit because Moreland failed to secure a stay of that judgment pending appeal. *See Bennett v. Gemmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 188–90 (9th Cir.1977). We conclude that the district court did not clearly err in calculating damages because the damages award was supported by the evidence at trial, including the testimony of defense expert Edward Berliner and of Moreland himself. *See Amantea–Cabrera*, 279 F.3d at 750.

As to Morsani's appeal, we find no error or inconsistency in the district court's conclusion that Morsani had a right to rely and act upon the first judgment but was liable for damages after that judgment was reversed on appeal. We conclude that collateral estoppel and res judicata do not bar Moreland from litigating damages in this case because Moreland's entitlement to damages was never adjudicated on the merits in the first lawsuit. *See Univ. of Nevada v. Tarkanian*, 110 Nev. 581, 879 P.2d 1180, 1191 (Nev.1994); *Trustees of Hotel and Rest. Employees and Bartenders Int'l v. Royco, Inc.*, 101 Nev. 96, 692 P.2d 1308, 1309 (Nev.1985). We also conclude that the district court did not abuse its discretion in declining to apply the doctrine of election of remedies in this case because specific performance was unavailable to Moreland when the district court ordered this remedy on remand and because Moreland will not receive a double recovery in this case. *See Second Baptist Church v. First Nat'l Bank of Nevada*, 89 Nev. 217, 510 P.2d 630, 632 (Nev.1973).

As to Campagni's appeal, we conclude that the district court erred in awarding Moreland damages against Campagni because Moreland lacks standing to sue Campagni for damages under the indemnity provision of the stock purchase agreement. *See County of Clark v. Bonanza No. 1*, 96 Nev. 643, 615 P.2d 939, 943 (Nev.1980) ("[T]he only party entitled to sue on an indemnity contract is the indem-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nitee, his assignee, or a third party benefi-ciary.").

AFFIRMED IN PART, REVERSED IN PART. Each party to bear its own costs on appeal.