**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MMADI MLATAMOU HASSANATI, as the personal representative for MOHAMED ABDOU SAID, deceased; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> INTERNATIONAL LEASE FINANCE CORPORATION, <br><br> Defendant - Appellee. | No. 14-55348 <br><br> D.C. No. 2:11-cv-02251-MMM-MA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted March 10, 2016
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Plaintiff Mmadi Mlatamou Hassanati, and others, appeal from the district

court's order (1) denying their motion for appointment as personal representatives

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and, in the alternative, their request for additional time to seek appointment from a California state court; and (2) granting summary judgment in favor of Defendant International Lease Finance Corporation (ILFC). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.      The district court did not err in denying Plaintiffs' motion for appointment as decedents' personal representatives. Under the probate exception, federal courts lack jurisdiction over probate matters. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). The district court correctly determined that appointment of a personal representative falls within the probate exception because it, essentially, seeks that a court issue letters of administration. *See In re Marshall*, 392 F.3d 1118, 1132-33 (9th Cir. 2004), *rev'd on other grounds*, 547 U.S. 293 (2006).

Furthermore, under Federal Rule of Civil Procedure 17(b), one's capacity to sue is determined "by the law of the state where the court is located," and under California law, a foreign individual seeking appointment as a personal

---

[1]We grant the Plaintiffs' requests for judicial notice "to the extent [that they are] compatible with Fed. R. Evid. 201 and 'do[] not require the acceptance of facts subject to reasonable dispute.'" *Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1190 n.1 (9th Cir. 2013) (citation omitted).

representative must open probate proceedings. *See Smith v. Cimmet*, 132 Cal. Rptr. 3d 276, 282-83 (Ct. App. 2011). Therefore, even if the district court had the authority to appoint Plaintiffs, it correctly denied Plaintiffs' motion as Plaintiffs did not comply with the requirements for such appointments under California probate law. For example, Plaintiffs' motion did not contain a copy of the decedents' wills, the name, age, address, and relation to the decedent of each heir and devisee, or the decedents' addresses at the time of death, *see* Cal. Prob. Code § 8002, or an affidavit showing that notice of the potential appointments had been given to interested parties, *see id.* § 8124.

2. The district court did not abuse its discretion in denying Plaintiffs' request for additional time to seek appointments as personal representatives in California state court as moot because it concluded that it would not allow Plaintiffs to relate back amendments reflecting such appointments. Under Federal Rule of Civil Procedure 15(c), the district court has discretion to relate back an amendment to a complaint to the filing of the original pleading when, among other things, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Additionally, under Federal Rule of Civil Procedure 17(a)(3), a court "may not dismiss an action for failure to prosecute in the name of the real party in

3

interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." In making this determination courts look at, among other things, whether an "understandable mistake" was made in naming the appropriate party or whether the defendant would be prejudiced by the substitution and amendment. *See United States for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073-75 (9th Cir. 1989).

In light of the procedural history in this case, we conclude that Plaintiffs' close to two-year delay in seeking appointment was unreasonable and not an understandable mistake. In its September 2011 order, the district court made it clear that a court appointment was necessary to bring this action. Despite this clear instruction, counsel for Plaintiffs did not seek appointment until July 2013, after the statute of limitations had expired. Plaintiffs failed, in their briefing and at oral argument, to provide an acceptable explanation for this delay. Counsel for Plaintiffs admitted that a declaration that he signed explaining the delay was "not the basis of the delay" and "not a complete basis or explanation." Furthermore, giving Plaintiffs additional time would further delay this action, thereby prejudicing Defendant, which has already expended significant resources defending this lawsuit. Moreover, nothing in Rule 15 or 17 permits counsel to so blatantly ignore the district court's schedule and the need for complete candor.

4

Accordingly, we affirm the district court's decision to deny Plaintiffs' request for additional time.

3.    The district court did not err in granting summary judgment in favor of Defendant.  A Death on the High Seas Act (DOHSA) action can only be brought by the personal representative of a decedent.  *See* 46 U.S.C. § 30302.  Here, there is no genuine issue of material fact that Plaintiffs have not been appointed as personal representatives by a court and, therefore, did not have the capacity to bring the action.

**AFFIRMED.**

*Hassanati v. International Lease Finance Corp.* 14-55348

Reinhardt, Circuit Judge, dissenting:

Plaintiffs allege that more than forty people died as a result of Defendant's negligence and seek damages for the eligible relatives of the victims. The district court found that these claims—meritorious or not—were forfeited because their attorneys waited too long to fulfill a complex technical requirement: having California appoint personal representatives, who are all French or Comorian citizens, for the victims' estates. The district court did not consider whether this delay prejudiced Defendant in its analysis of whether Plaintiffs future appointment as personal representatives could relate back to their initial complaint under Rules 15(c) and 17(a). This was a legal error and thus an abuse of discretion. I therefore dissent from the majority's contrary finding.

In applying Rule 15 we have held that the district court commits reversible error if it fails to "provide a contemporaneous specific finding of prejudice to the opposing party" in denying the amendment of a party as untimely. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Likewise, in applying Rule 17(a) we have held in a well-reasoned, albeit unpublished, disposition that "[t]he advisory notes to Rule 17(a) make clear that equitable principles should apply to a district court's decision . . . . The District Court erred in failing to consider the prejudice to

1

the parties or the court's interest in litigating suits on their merits." *Cont'l Ins. Co. v. N.A.D., Inc.*, 16 F. App'x 659, 661 (9th Cir. 2001). This comports with the law of the other circuits. *See, e.g, Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004) (Rule 17(a) cases focus "primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was "honest"), and on whether the defendant was prejudiced thereby."); *Sun Ref. & Mktg. Co. v. Goldstein Oil Co.*, 801 F.2d 343, 345 (8th Cir. 1986) (looking to prejudice under 17(a)); *Suda v. Weiler Corp.*, 250 F.R.D. 437, 440 (D.N.D. 2008) ("District courts should consider certain factors . . . [including] whether the defendant would be prejudiced by a substitution.").

Had the district court looked, it would have found that there was little or no prejudice. Substituting the Plaintiffs as personal representatives would not change anything about the case. It would not affect the persons who would recover, or the negligence claims themselves. "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). Defendant contends that Plaintiffs' delay *could* have forced them to defend against other suits by relatives of the same victims. It did not, however. Defendant

also does not contest Plaintiffs' claim that the litigation proceeded forward at a normal pace during 2011 to 2013, aside from the personal representative question. Although allowing Plaintiffs a couple of months to go to the state probate court might have delayed the proceedings, this is a minor inconvenience that hardly compares with the loss of claimants' ability to obtain redress for Defendant's alleged negligence which killed a "spouse, parent, child," or relative on whom they depended for financial support.  46 U.S.C. § 30302; *see also Bowles,* 198 F.3d at 758 ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").

There is no doubt that Plaintiffs' counsel should have acted far more quickly.  The district court found that although Plaintiffs had not engaged in any tactical maneuvering or other dishonest conduct, the delay was unreasonable. Without considering prejudice, however, the district court could not properly decide whether this delay warranted the considerable penalty the court imposed. Indeed, courts have permitted delays of the same length at issue here if there is no prejudice to defendants.  In *Brohan v. Volkswagen* for example, the court permitted the appointment of plaintiff as personal representative to relate back to a previously filed complaint nearly two years after defendants had first contended the suit could not continue because the plaintiff was not the personal representative.  *See* 97

3

F.R.D. 46, 49 (E.D.N.Y. 1983).  The court found:

> No one has been misled in the slightest degree as to the nature of the claim or the issues at stake . . . . Rule 1 requires the court to construe the "reasonable time" allowed by Rule 17(a) in such a way as to secure the "just" as well as the speedy and inexpensive determination of the action. It would hardly be "just" to hold that plaintiff was too late to correct the situation where no prejudice to the defendants has occurred and there is no evidence that the delay was a tactic undertaken in bad faith.

*Id.* at 50.

The same is true here.  Accordingly I would, at a minimum, vacate and remand the district court's decision.