REINHARDT, Circuit Judge,
dissenting:
Plaintiffs allege that more than forty people died as a result of Defendant’s negligence and seek damages for the eligible relatives of the victims. The district court found that these claims — meritorious or not — were forfeited because their attorneys waited too long to fulfill a complex technical requirement: having California appoint personal representatives, who are all French or Comorian citizens, for the victims’ estates. The district court did not consider whether this delay prejudiced Defendant in its analysis of whether Plaintiffs future appointment as personal representatives could relate back to their initial complaint under Rules 15(c) and 17(a). This was a legal error and thus an abuse of discretion. I therefore dissent from the majority’s contrary finding.
In applying Rule 15 we have held that the district court commits reversible error if it fails to “provide a contemporaneous specific finding of prejudice to the opposing party” in denying the amendment of a party as untimely. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir.1999). Likewise, in applying Rule 17(a) we have held in a well-reasoned, albeit unpublished, disposition that “[t]he advisory notes to Rule 17(a) make clear that equitable principles should apply to a district court’s decision.... The District Court erred in failing to consider the prejudice to the parties or the court’s interest in litigating suits on their merits.” Cont’l Ins. Co. v. N.A.D., Inc., 16 Fed.Appx. 659, 661 (9th Cir.2001). This comports with the law of the other circuits. See, e.g., Esposito v. United States, 368 F.3d 1271, 1276 (10th Cir.2004) (Rule 17(a) cases focus “primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was “honest”), and on whether the defendant was prejudiced thereby.”); Sun Ref. & Mktg. Co. v. Goldstein Oil Co., 801 F.2d 343, 345 (8th Cir.1986) (looking to prejudice under 17(a)); Suda v. Weiler Corp., 250 F.R.D. 437, 440 (D.N.D.2008) (“District courts should consider certain factors ... [including] whether the defendant would be prejudiced by a substitution.”).
Had the district court looked, it would have found that there was little or no prejudice. Substituting the Plaintiffs as personal representatives would not change anything about the case. It would not affect the persons who would recover, or the negligence claims themselves. “Rule 17(a) substitution of plaintiffs should be *624 liberally allowed when the change is merely formal and in no way alters the original complaint’s factual allegations as to the events or the participants.” Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir.1997). Defendant contends that Plaintiffs’ delay could have forced them to defend against other suits by relatives of the same victims. It did not, however. Defendant also does not contest Plaintiffs’ claim that the litigation proceeded forward at a normal pace during 2011 to 2013, aside from the personal representative question. Although allowing Plaintiffs a couple of months to go to the state probate court might have delayed the proceedings, this is a minor inconvenience that hardly compares with the loss of claimants’ ability to obtain redress for Defendant’s alleged negligence which killed a “spouse, parent, child,” or relative on whom they depended for financial support. 46 U.S.C. § 30302; see also Bowles, 198 F.3d at 758 (“Undue delay by itself, however, is insufficient to justify denying a motion to amend.”).
There is no doubt that Plaintiffs’ counsel should have acted far more quickly. The district court found that although Plaintiffs had not engaged in any tactical maneuvering or other dishonest conduct, the delay was unreasonable. Without considering prejudice, however, the district court could not properly decide whether this delay warranted the considerable penalty the court imposed. Indeed, courts have permitted delays of the same length at issue here if there is no prejudice to defendants. In Brohan v. Volkswagen for example, the court permitted the appointment of plaintiff as personal representative to relate back to a previously filed complaint nearly two years after defendants had first contended the suit could not continue because the plaintiff was not the personal representative. See 97 F.R.D. 46, 49 (E.D.N.Y.1983). The court found:
No one has been misled in the slightest degree as to the nature of the claim or the issues at stake.... Rule 1 requires the' court to construe the “reasonable time” allowed by Rule 17(a) in such a way as to secure the “just” as well as the speedy and inexpensive determination of the action. It would hardly be “just” to hold that plaintiff was too late to correct the situation, where no prejudice to the defendants has occurred and there is no evidence that the delay was a tactic undertaken in bad faith.
Id. at 50.
The same is true here. Accordingly I would, at a minimum, vacate and remand the district court’s decision.